## J. A. Rozier v. A. A. Maginnis et al.

There was a judgment decreeing in favor of the plaintiff a servitude of passage, &c., over defendants' lots, for which a suspensive appeal was allowed, on defendants giving bond in a sum fixed by the court. The condition of the bond given was that the defendants should pay whatever judgment might be rendered against them. *Held:* That it was not necessary that the value of the servitude should be estimated and referred to in the motion for the appeal ; that it was the duty of the Judge to fix the amount of the security when the order was granted.

Article 577 of the Code of Practice is applicable to judgments decreeing the delivery of real estate yielding revenues, and not a right of servitude.

If the proprietor of two estates, between which there exist an apparent sign of servitude, sell one of those estates, and if the deed of sale be silent respecting the servitude, the same shall continue to exist, actively or passively, in favor or upon the estate which has been sold. C. C. 765.

Parol evidence is admissible to prove the existence of such apparant servitude. Where parties have been acting in good faith in the assertion of what they deem to be their legal rights, a case is not made out for damages.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *C. Roselius*, for plaintiff. *F. Haynes* and *Duncan & McConnell*, for defendants and appellants.

VOORHIES, J. The appeal in this case is sought to be dismissed by the plaintiff and appellee on several grounds.

I. The defendants have not made such a motion as is required by the statute approved 22d March, 1843.

The judgment appealed from was rendered on the 1st of February, signed on the 6th, and on the 7th of the same month the following motion was made for the appeal, to wit:

"On motion of *Frank Haynes*, attorney for defendants, and on suggestions that they are aggrieved by the final judgment rendered in this case on the 1st of February inst., it is ordered that a suspensive appeal be granted them from said judgment, returnable to the Supreme Court the fourth Monday of March, 1856, the appellants giving bond in the sum of $600, with good and solvent security, conditioned as the law directs."

We think this is a sufficient compliance with the requirements of that Act. Session Acts of 1843, p. 40; Art 573 of C. P. as amended.

II. That the motion was made as if a judgment had been rendered merely for a sum of money, when in fact it is for the delivery of real estate, or a servitude thereon, with a perpetual injunction on the defendants from erecting any works or doing any act whereby the use and enjoyment may be impeded.

This objection appears to us to be untenable. The admission of the parties in the record is that the matter in dispute exceeds $300. The statute requires, in cases in which an appeal may be granted by motion in open court at the same term at which the judgment was rendered, that "the Judge shall fix the amount of security, and cause the same, with the order granting the appeal, to be entered upon the minutes of his court." This has been done, as we have seen, and the bond is in the usual form.

III. We do not think the defendants were bound to ask that the value of the servitude should be estimated and referred to in the motion for the appeal. The plaintiff claims a right of passage, ten feet in width, on the rear portion of two lots of ground owned by the defendants, and it is admitted that the matter in dispute (*i. e.* the servitude, and not the land) is worth more than $300.

· IV. The objection that the bond is defective, as the defendants have merely bound themselves to pay whatever judgment may be rendered against them, appears to us to be equally untenable. The Article 577 of the Code of Practice is applicable to real estates yielding revenues, and not to a right of servitude.

It is unnecessary to notice the other objections, as we deem them clearly untenable.

It is therefore, ordered that the motion be overruled.

LEA, J. The late *Alexander McKeever* improved a certain property belonging to him, situated on the corner of Prytania and Calliope streets, by erecting thereon certain buildings of different forms and dimensions. At the rear of the property he made an alley-way, paved with round stone and properly graded and planked up, with openings leading into it from each and every one of the tenements. This alley-way was used in common by the occupants of all the buildings.

At the sale of *McKeever's* estate the property was divided, and on the 19th April, 1854, the plaintiff became the purchaser of one of the lots with the improvements thereon. This lot opened upon the alley-way. The act of sale contains the usual transfer of all the accessory rights incident to the ownership of property, viz: all the rights, ways, servitudes, &c., thereunto belonging or in anywise appertaining. Whatever rights *Rozier* acquired, they were complete when this adjudication was made. No subsequent sale of other portions of the property could invalidate his rights.

Now at this time there existed an apparent sign of servitude in favor of property purchased by him, which had been accompanied by actual use of the same by the proper occupants of the property. Subsequently the other properties opening upon the alley-way were sold to the defendants, their titles extending, however, not over the alley-way, *but only to it.* By the terms of the acts of sale made to them, *the use of the alley in common with other lots* was reserved to them.

It is not pretenced their *use* of the alley-way for the purposes for which it was designed, has been interfered with by the plaintiff; but the defendants, conceiving that they had a right of property in the soil of the alley-way, and that the plaintiff had not the right to use it, have obstructed the passage and planked it up, so as to prevent the plaintiff from using it.

Now, even if the defendants had purchased the soil which is set apart for the alley-way, it would have been subject to the apparent servitude in favor of the plaintiffs. Art. 765 of the Civil Code provides that: "If the proprietor of two estates, between which there exist an apparent sign of servitude, sell one of those estates, and if the deed of sale be silent respecting the servitude, the same shall continue to exist, actually or passively, in favor or upon the estate which has been sold;" and from the very terms of this Article it is manifest that parol evidence is admissible to prove the existence of the apparent sertude thus designated. There was no error, therefore, in admitting parol evidence for that purpose. But in reality the soil of the alley-way was not sold to the defendants, and the very fact that it was not sold is corroborative proof (if any were needed) that the soil had been set apart as dedicated to a perpetual servitude.

In obstructing the alley-way, the defendants were, therefore, mere trespassers, interfering with the enjoyment of a lawful servitude belonging to the plaintiff. They have probably, however, been acting in good faith in the assertion of

ROZIER
v.
MAGINNIS.

what they deem to be their legal rights, and, under the circumstances, we do not think a case is made out for damages.

For a further illustration of this subject we refer to the commentaries of Demolombe on the 694th Article of the Napoleon Code. See 12th vol. Demolombe, page 322, No. 809 *et seq.*; also Merlin Comp., verbo Servitude; also 2d Marcadé, p. 611; by which authors both sides of the question argued at bar have been presented.

Judgment affirmed.