HALL, Judge.
Plaintiff prosecutes this appeal from a judgment maintaining defendants’ exception of no cause of action and dismissing her suit.
Briefly stated the allegations of plaintiff’s petition are that she and defendants own adjacent residential properties in the City of New Orleans and that a common alley existed between the two properties up until the year 1966 when defendants erected a fence between their property and plaintiff’s thereby depriving plaintiff of the use of the common alley. Plaintiff prayed for a judgment decreeing that she has legal title to a servitude of use of the common alley and for $6,000.00 damages for deprivation of its use. In her petition plaintiff alleges that both properties were formerly owned by Mr. & Mrs. Vincenzo Peri; that in 1945 *105 they sold one of the properties to their daughter, Jeannette Peri and her husband George E. Kestler, defendants’ ancestors in title; that plaintiff and her husband purchased the other property from the heirs of Mr. and Mrs. Vincenzo Peri in 1954 and that plaintiff later acquired her husband’s community interest therein from his succession; that in the year 1945 when Mr. and Mrs. Vincenzo Peri sold one of the properties to their daughter and her husband, a common alley existed between the two properties; that the common alley still existed in 1954 when plaintiff and her husband purchased the other property from the heirs of Mr. and Mrs. Peri and that it continued to exist between the two properties until 1966 when defendants deprived plaintiff of the use thereof by building the fence. Plaintiff’s petition does not allege that her right to the use of the common alley is based on any written title. On the contrary it is plainly shown both by plaintiff’s petition and her brief that her only claim to a servitude of use thereof is based upon the so-called “destination du pere de famille” as stated in LSA-C.C. Art. 769 which reads:
“Art. 769. If the owner of two estates, between which there exists an apparent sign of servitude, sell one of those estates, and if the deed of sale be silent respecting the servitude, the same shall continue to exist actively or passively in favor of or upon the estate which has been sold.”
The question presented is whether the servitude of use of a common alley can be established by the “destination du pere de famille.”
The right to the use of a common alley running between two adjacent properties is merely a servitude of passage and is an apparent but discontinuous servitude. (See LSA-C.C. Article 727; Kelly v. Pippitone, 12 La.App. 635, 126 So. 79 and cases there cited; Marcel v. Stringer, La.App., 118 So.2d 694.)
Article 766 of the Civil Code (LSA-C.C. Art. 766) provides in part as follows:
“Art. 766. Continuous nonapparent servitudes, and discontinuous servitudes, whether apparent or not, can he established only by a title.
“Immemorial possession itself is not sufficient to acquire them * * *.” (Emphasis supplied)
Article 767 of the Civil Code (LSA-C.C. 767) expressly restricts the “destination du pere de famille” to continuous apparent ser-vitudes. It reads in part as follows:
“Art. 767. The destination made by the owner is equivalent to title with respect to continuous apparent servitudes * * *.» (Emphasis supplied)
The cases of Kelly v. Pippitone, supra, and Marcel v. Stringer, supra, are decisive of the issue here presented. They hold that the right to the use of a common alley is a discontinuous apparent servitude; that only continuous apparent servitudes may be created by “destination du pere de famille” and that all other servitudes must be established by title. (See also Burgas v. Stoutz, 174 La. 586, 141 So. 67; Buras Ice Factory Inc. v. Department of Highways, 235 La. 158, 103 So.2d 74, 83.)
Plaintiff relies heavily upon Rozier v. Maginnis, 12 La.Ann. 108. That decision has long been disregarded and impliedly overruled. See Buras Ice Factory Inc. v. Department of Highways, 235 La. 158, 103 So.2d 74, wherein it was said at page 83:
“In their earnest and vigorous argument, counsel for plaintiff suggest that our refusal to apply Article 769 to the servitude of way claimed herein constitutes an overruling by indirection of the case of Rozier v. Maginnis, 12 La.Ann. 108. Admittedly, the Rozier case is in point and is directly contrary to our opinion in this case. But this is not the first time that that decision has been disregarded. Indeed, the Rozier case was impliedly overruled long ago by the authorities cit *106 ed in our original opinion, which follow Articles 727 and 766 of the Civil Code and hold that a servitude of passage, being a discontinuous servitude, can only be acquired by a title.”
Since plaintiff does not allege any title to the use of the common alley but relies solely on an alleged “destination du pere de fa-mille”, we are of the opinion that her petition does not state a cause of action.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.