431 So.2d 65 (1983)
Louis C. WHITE, et al.
v.
Charles DURRWACHTER, et al.
No. 82 CA 0618.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
*66 Ernest Drake, Ponchatoula, for plaintiffs-appellees.
Richard Schwartz, Amite, for defendants-appellants.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
This action arose out of a dispute over an alleged servitude of passage across the plaintiffs' property claimed by the defendants, owners of an enclosed estate. The plaintiffs, Louis C. White and Margie Thompson White, prevented the defendants, Charles Durrwachter and Su Marsala Durrwachter, from using a claimed right of way along a private roadway (hereinafter referred to as the "access road") located on plaintiffs' property, and filed suit seeking an injunction, denying that such a right of way enjoyed any existence in law. The defendants filed an answer and reconventional demand against plaintiffs seeking damages in the amount of $8,660. for the cost of improving a little used right of way to their enclosed estate created by defendants' deed, the right of way created by deed being in a different location from the access road. The reconventional demand also sought damages from plaintiffs for mental anguish and inconvenience and attorney's fees for the wrongful issuance of a preliminary injunction.
After trial on the merits, judgment was rendered dismissing the defendants' reconventional demand and enjoining the defendants from using the access road which traverses the plaintiffs' property. From this judgment the defendants appeal. We affirm.
The tract of land currently owned by the plaintiffs and the tract owned by the defendants were both previously owned by *67 Irvin Stevens and his wife, Beatrice Picou Stevens. Mr. Stevens and his wife conveyed to each of their two sons a 4½ acre tract by separate acts of sale. These two 4½ acre tracts were carved out of a larger tract owned by the vendors.
In March of 1979 the defendants acquired a four acre tract of land by purchase of parcels together comprising this four acre tract from Mr. and Mrs. Stevens and their two sons. This tract was enclosed by the Stevens' property. However, the act of sale recited that the land was conveyed "Together with a right of way 20 feet in width extending from South Thibodeaux Road along the North line of vendors property to the property this day conveyed to vendees". The defendants never used the right of way created by the act of sale; instead they used the access road which ran across Irvin Stevens' property. The right of way created in the act of sale (from the Stevens and sons to defendants) had not been used as a road, and a well which supplied water for the defendants and a neighbor was located in the right of way created by act of sale. The Stevens also used the water from the well. However, the well had a leak, which made the soil on the right of way created by deed marshy, so the Stevens allowed the defendants to traverse the Stevens' property on the access road.
In July of 1979, the plaintiffs purchased a tract of land containing the access road from the Stevens. Because the plaintiffs needed the water from the well situated in defendants' right of way, they allowed the defendants to continue using the access road.
In June of 1981, the plaintiffs placed a fence across the access road to prevent their animals from straying. However, the fence also had the effect of preventing the defendants from using the road. The defendants broke the fence and proceeded to use the road. This action then ensued.
The defendants' primary contention on appeal is that a servitude by destination of the owner was created over the access road located on plaintiffs' property. Under the facts of this case, destination by the owner is the only possible means by which the defendants can reasonably argue that they have acquired such a servitude. Under LSA-C.C. art. 740, the only two other means of acquiring apparent servitudes are by title or by acquisitive prescription, both of which are clearly inapplicable, and we agree with the trial court that the defendants have not acquired the servitude by destination of the owner. LSA-C.C. art. 741, which governs the establishment of a servitude by destination of the owner, provides as follows:
"Destination of the owner is a relationship established between two estates owned by the same owner that would be a predial servitude if the estates belonged to different owners.
"When the two estates cease to belong to the same owner, unless there is express provision to the contrary, an apparent servitude comes into existence of right and a nonapparent servitude comes into existence if the owner has previously filed for registry in the conveyance records of the parish in which the immovable is located a formal declaration establishing the destination." (Emphasis ours)
It is true that at one time Irvin Stevens was the owner of all of the property in question. However, when a portion of the tract was sold by Irvin Stevens to his two sons, who in turn sold to the defendants, a right of way was expressly provided for along the north line of the Stevens' property. The inclusion in the deed of this specific location for the right of way is clearly an express provision contrary to any intent or expectation that a right of passage along the access road would come into existence of right at the time of the sale.
A right of passage, or right of way, is a servitude, and when it is a result of a contract, its extent and mode of use is regulated by that contract. When the title provides the exact dimensions of the area affected by the servitude, the title must be given full effect. Sanders v. Plaquemines Cable TV, Inc., 407 So.2d 524 (La.App. 4th Cir.1981); Red River v. Noles, 406 So.2d 294 (La.App. 3d Cir.1981). As we previously *68 stated, the act of sale transferring the property from the Stevens to the defendants expressly provided for a right of way along the north line of the Stevens property. The language of the contract is clear and unambiguous. Therefore, the location of the servitude is not subject to speculation, but is regulated by the location, area, and extent of the servitude provided for in the contract.
The defendants also urge that the plaintiffs should have been equitably estopped from denying the defendants use of the access road, because plaintiff Louis C. White agreed to permit defendants to use the access road. The doctrine of equitable estoppel is founded upon good faith and is applied in special circumstances to prevent unjustifiable harm to one of the parties. The doctrine of equitable estoppel includes three elements, all of which must be met before the doctrine will be applied. These elements are: (1) a representation by acts or words, (2) justifiable reliance on the representation, and (3) a change in position to one's detriment because of the reliance. Dept. of Culture v. Fort Macomb Development, 385 So.2d 1233 (La.App. 4th Cir.1980), writ denied 394 So.2d 613 (La.1980). The defendants have failed to prove any of these elements. Other than the defendants' own self-serving testimony, nothing in the record indicates the plaintiffs represented to the defendants that they could use the access road indefinitely. The plaintiffs admitted that the defendants were allowed to use the access roadway, but that this arrangement was temporary and was never intended or represented to be a permanent arrangement. Since there was no representation, there could be no justifiable reliance upon that representation. Thus, we find the doctrine of equitable estoppel inapplicable.
For the foregoing reasons, the judgment of the trial court is hereby affirmed in all respects. Defendants to bear all costs of appeal.
AFFIRMED.