472 So.2d 97 (1985)
Algie R. HAILEY
v.
Frank R. PANNO.
No. 85-CA-68.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
*98 Arthur G. Kingsmill, Gretna, for plaintiff-appellant.
Arthur C. Reuter, Reuter, Reuter, Reuter & Pizza, New Orleans, for defendant-appellee.
Before BOUTALL, C.J., and CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
This is an appeal from a judgment dismissing a petition for preliminary injunction filed by plaintiff, Algie R. Hailey, against defendant, Frank R. Panno.
Both plaintiff and defendant own separate pieces of commercial property located in a row of commercial buildings fronting on Metairie Road in Metairie, Louisiana. An alleyway runs behind the row of buildings which dead-ends at defendant's property. In titles to the property involved, the area is referred to as Ingleside Heights.
Plaintiff, Algie Hailey, acquired Lot C, Square 1, Ingleside Heights, by act of sale before Patrick E. Carr, Notary Public, on September 30, 1955, recorded in COB 389, folio 244 of the records of the clerk of court for the parish of Jefferson. Mr. Hailey operated a barber shop on the premises. Incorporated in that act was the language:
"together with the perpetual right of passage and unrestricted use, for all purposes, of the common alleys and turn around delineated on the aforesaid annexed plan of A.B. Davis, C.E., dated *99 June 25, 1927, which alleys extend, in various measurements shown on said plan, across the rear of lots B, C, D, E, F, G, H, I, J, K, L, M, N, O, and P, ...."
The defendant, Frank Panno, acquired the property contiguous to Mr. Hailey's by act before Jack Panno, Notary Public, dated March 3, 1983 (recorded in COB 1043, folio 372 of the real estate records of Jefferson Parish). Mr. Panno operates a restaurant and bar on his property.
Some time after the acquisition of the property by Mr. Panno's father, his ancestor-in-title, defendant paved the alleyway and put up a cage-like building to house excess soft drinks. Defendant thereafter installed a seafood boiler, hot water heater and at odd times stored a fifty-five gallon drum of grease, tables, chairs and building material in the passageway.
Because of these growing activities, plaintiff filed a petition for injunctive relief on October 28, 1983. Defendant filed exceptions and an answer asserting estoppel. The case was heard on March 24, 1984, and judgment was rendered on March 27, 1984, dismissing plaintiff's petition.
Plaintiff, Algie Hailey, thereafter perfected an appeal of that judgment.
The issue is whether the trial court erred in refusing to grant the preliminary injunction on the basis that the alleyway is common and for further reason of plaintiff's consent to defendant's activities.
Appellant herein asserts that he is the owner of a servitude on an alley as evidenced by his act of sale executed on September 30, 1955; and that defendant is trespassing upon and disturbing his peaceful possession of that servitude. Appellee asserts and the trial court found that the six foot wide area is a "common alley". Appellant further agreed to allow the activities complained of now by appellant.
It is well established that an applicant for preliminary injunction need make only a prima facie showing that he will prevail on the merits; thus less proof is required than in an ordinary proceeding for permanent injunction. Federal National Mortgage Association v. O'Donnell, 446 So.2d 395 (La.App. 5th Cir.1984); Hammons v. Parish of East Baton Rouge, etc., 461 So.2d 1225 (La.App. 1st Cir.1984); General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979).
A predial servitude is protected by an action for mandatory or prohibitory injunction and may be grounded on LSA-C. C.P. Article 3601, LSA-C.C.P. Article 3663 or on the substantive provisions of the Louisiana Civil Code governing servitudes. 4, A.L. Yiannapolous, Louisiana Civil Law Treatise; Predial Servitudes, § 190 (1983).
An action brought under LSA-C. C.P. 3663 or the substantive provisions of the servitude articles of the Louisiana Civil Code do not require a showing of irreparable injury, loss or damage. Yiannopolous, supra.
A predial servitude is a charge on a servient estate for the benefit of a dominant estate. LSA-C.C. art. 646. Personal servitudes confer upon a person a specified use of an estate less than full enjoyment. LSA-C.C. art. 534; LSA-C.C. art. 639. Insofar as they affect immovables, both are treated alike except that a predial servitude runs with the land and personal servitudes are strictly for the benefit of a person rather than an estate. Parkway Development Corp. v. City of Shreveport, 342 So.2d 151 (La.1977); 3, A.L. Yiannopoulos, Louisiana Civil Law Treatise (2d Ed.1978); 4 Yiannopoulos, supra (1983).
"Servitudes are established by all acts by which property can be transferred. C.C. Art. 743. Creation of a servitude is an alienation of a part of a property. C.C. Art. 731. Conventional predial servitudes and personal servitudes affecting immovable property which are created by agreement between the parties must be in writing. C.C. Art. 2440." (Emphasis added)
Langevin v. Howard, 363 2d 1209, 1214 (La.App. 2d Cir.1978), writ denied, 366 So.2d 560). For deed to be translative of title, it must contain a description which properly identifies property. Agoff v. *100 Boutte, 420 So.2d 1168 (La.App. 5th Cir. 1982).
The right to use an alley belonging in full ownership to another has been held to be servitude of passage. Williams v. Colomb, 206 So.2d 104 (La.App. 4th Cir.1968).
The extent and use of conventional or voluntary servitude of passage is regulated by the title by which it is created. LSA-C.C. art. 697; LSA-C.C. art. 705; Ogden v. Bankston, 398 So.2d 1037 (La.1981); White v. Durrwachter, 431 So.2d 65 (La. App. 1st Cir.1983). In a conventional servitude of passage, unless the title provides otherwise, the extent of the right and mode of its exercise is that which is suitable for the kind of traffic necessary for the reasonable use of the dominant estate. LSA-C.C. art. 704.
Louisiana also, however, has long recognized statutory and implied dedication of private property to the public use. Arkansas-Louisiana Gas Co. v. Parker Oil Co., 183 So. 229, 190 La. 957 (La.1938); Carrollton R. Co. v. Municipality No. 2, 19 La. 62 (La.1841). Depending upon the nature of the dedication, statutory or non-statutory, either ownership or a servitude rests in favor of the public. Becnel v. Citrus Lands of Louisiana, Inc., 429 So.2d 459 (La.App. 4th Cir.1983), writ denied 437 So.2d 1147 (La.1983).
A statutory dedication exists when the owner of property files a plat of subdivision which substantially conforms to the requirements of LSA-R.S. 33:5051.[1] If the fact of dedication is doubtful, the court must look to the surrounding circumstances to determine whether there was an intent to dedicate. Pioneer Production Corp. v. Segraves, 340 So.2d 270 (La.1976). When a rational construction of the record negates an intent of a landowner to dedicate a particular piece of land, the fact that reference to the land appears on a map does not, of itself, effectuate a dedication to public use. Pioneer Production Corp., supra.
In this case, appellant presented a title executed in 1955, fully describing within the property description, a servitude encompassing the entire alleyway. Appellee's title on the other hand simply provides:
"... and all the rights, ways, privileges, servitudes and appurtenances thereto belonging or in any wise appertaining...."
As a servitude acquired by "title" is an alienation of part of immovable property, the laws governing alienation of immovables apply and the property must be identified. LSA-C.C. art. 708; LSA-C.C. art. 2440; LSA-C.C. art. 2439. If the extent or manner of exercise of the servitude is silent, the intention of the parties is to be inferred from the purpose, but when exact dimensions are provided by title, it must be given full effect. Red River v. Noles, 406 So.2d 294 (La.App. 3d Cir.1981). An ambiguous agreement to establish a servitude is unenforceable. Exxon Corp. v. Barry, 384 So.2d 826 (La.App. 4th Cir. 1980). Finally, since a servitude is a legal right, it can neither be gained nor lost by estoppel. United Gas Pipeline Company v. Bellard, 286 So.2d 109 (La.App. 3d Cir. 1973).
Consequently, appellant has made a prima facie case that he owns a servitude over the alley, with full rights thereon, but the question remains as to whether appellant negated the factor that the alley had been dedicated to public use prior to acquisition of the servitude by the parties' ancestor-in-title. Such a finding would necessarily void the effect of the servitude.
In this regard, the record shows that appellant (Hailey) purchased the property from George Mattingly, Anna Mattingly and John Mott Mattingly in 1955. John *101 Mott Mattingly acquired the property from D. Beach Carre on October 20, 1927.
The A.B. Davis plat to which both parties' title refers and which constitutes the evidence as to whether or not a dedication was intended is dated July, 1927.
The appellee's (Panno) chain of title reflects that on November 14, 1927, Fred Earhart purchased the property from D. Beach Carre along with the portion of the original alley directly abutting the property in the rear. (C.O.B. 90 folio 252). The Mattingly title is not in evidence, thus a trial on the merits is necessary to determine whether the missing title also describes the servitude. That piece of evidence is important in providing support for the servitude and to negate the intent to dedicate the alley to public use.
Finally, the conduct of the parties must be considered in determining whether the preliminary injunction was properly denied.
In this regard, the trial court found that appellant consented to appellee's placement of the wire cage on the alleyway, and that the other activities on the alley were reasonable. We find no manifest error in regard to these factual findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
However, since the judgment and record reflect that only the preliminary injunction was tried in the trial court, the case must be remanded for a hearing on the permanent injunction. The parties' rights regarding the obstruction presently existing and their future conduct depend upon the determination of whether the alleyway is a legal servitude or a dedication to public use.
Therefore, after a review of the law and evidence, the judgment denying the preliminary injunction is hereby affirmed, but the case is remanded for a hearing on the permanent injunction.
Appellant and appellee are to divide the costs of this appeal.
AFFIRMED AND REMANDED.
NOTES
[1] See prior Act 134 of 1896 reenacted by Act 80 of 1922, both of which were repealed and supplanted by Act 51 of 1930. The major provisions are now embodied in LSA-R.S. 33:5051.