GUIDRY, Judge.
Ruth Loyd Miller, plaintiff-appellee, brought this possessory action on November 26,1986, against defendants-appellants, Mamie Johnson Hilton, Bruce Johnson, Peggy J. Johnson, Billy J. Johnson and Bobby E. Johnson, all heirs of Dave Johnson and hereafter referred to collectively as the Johnson heirs, alleging that, on May 14, 1986, the defendants disturbed her in the possession of the following property:
“SE ¼ of SE ⅝ of Section 7, N ½ of NE ¼ and NE ⅝ of NW ⅝ of Section 18 in T6S, R5W, La. Mer., and Improvements, situated in Allen Parish, Louisiana.”
In connection with her possessory action, plaintiff sought a writ of injunction prohibiting defendants from interfering with her possession and enjoyment of said property.
Injunctive relief, under the applicable provisions of Chapter 2 of Title 1 of Book VII, Louisiana Code of Civil Procedure, to protect or restore possession of immovable property, is available under Article 3663 to:
“(1) A plaintiff in a possessory action, during the pendency thereof; and (2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property ... of which he claims ... the possession ...”
By agreement between the parties, the ruling on the preliminary injunction was submitted to the court based solely on the pleadings, affidavits, depositions and exhibits in the present suit, number C-86-730, docket of the 33rd Judicial District Court, and upon like material in suit C-83-303 which was consolidated with the present suit and suit C-83-503 which had been heard and dismissed previously. The trial court signed a judgment on March 2, 1987, granting Miller the preliminary injunction for which she prayed and the defendants timely perfected this appeal.
On appeal, defendants argue that in addition to the trial court’s error in granting the preliminary injunction, the trial court erroneously overruled an exception of lis pendens; and, erred in “not noticing” an exception of no cause of action. The judgment of March 2,1987, from which defendants appeal, makes no reference whatever to any exceptions. These issues are not before us in this appeal and will not be addressed. The only issue properly before this court is whether the trial court manifestly erred when it granted a preliminary injunction enjoining defendants from interfering with Miller’s possession and enjoyment of the disputed property.
La.C.C.P. art. 3655 defines a possessory action as follows:
The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted.
La.C.C.P. arts. 3658,[1] 3659[2] and 3660[3] set forth the burden a plaintiff must bear in *539 order to maintain the possessory action; incidents which give rise to the action; and, facts which, if demonstrated, establish possession within the intendment of the cited articles.
The Civil Code addresses the subject of possession in La.C.C. arts. 3421 thru 3444. According to these articles possession is the detention or enjoyment of a thing by one or by another on his behalf. Possession may he either corporeal or civil. In order to acquire possession one must first take corporeal possession, i.e., the exercise of physical acts of use, detention or enjoyment of the thing, with the intent to possess as owner. Once possession is acquired the intent to retain possession is presumed and is retained through civil possession as owner. Possession is lost by abandonment or upon eviction, if the possessor does not recover possession within a year.
In Romar v. Estate of Gay, 454 So.2d 431 (La.App. 3rd Cir.1984), a panel of this court stated:
“The question of whether the acts of ... [plaintiff] constitute possession is a factual determination by the trial court and its determination will not be disturbed on appeal unless it was clearly wrong. Meche v. Grahan, 421 So.2d 461 (La.App. 3rd Cir.1982); Ryan v. Pekinto, 387 So.2d 1325 (La.App. 1st Cir.1980), writ denied 394 So.2d 615 (La.1980); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In any possessory action the burden of proof is upon the plaintiff to establish the essential elements thereof. C.C.P. Art. 3658; Chaney v. State Mineral Bd., 444 So.2d 105 (La.1983).
The requisite possession to entitle one to bring the possessory action is identical to the possession which is required to commence the running of acquisitive prescription. Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (La.1975). The corporeal possession required in a particular case is ‘... governed by the nature of the land and the use to which the land is put.’ Cheramie v. Cheramie, 391 So.2d 1126 (La.1980); Liner, supra.”
While it is well settled that an action for injunctive relief brought under the provisions of La. C.C.P. art. 3663 requires no showing of irreparable harm by plaintiff (Ryan v. Pekinto, supra; Louisiana Power and Light Company v. Holmes, 422 So.2d 684 (La.App. 3rd Cir.1982), writ denied, 425 So.2d 774 (La.1983)), a preliminary injunction should not be granted absent a prima facie showing that plaintiff will prevail on the merits of the possessory action. Plaintiffs burden of proof required to prevail in a petition for preliminary injunctive relief, therefore, is less *540 than that required in an ordinary proceeding for a permanent injunction. See Ciolino v. Castiglia, 446 So.2d 1366 (La.App. 1st Cir.1984); Hailey v. Panno, 472 So.2d 97 (La.App. 5th Cir.1985); Ormond Country Club v. Dorvin Developments, Inc., 498 So.2d 144 (La.App. 5th Cir.1986), writ denied, 500 So.2d 423 (La.1987); and cases cited therein.
In plaintiff’s petition, she states that the defendants first disturbed her possession of the tract at issue on May 14,1986, when they filed suit number C-86-303 against her co-possessors, Minos D. Miller, Jr. and the Minos D. Miller, Sr. Trust, and on September 30, 1986, when defendants, by threats and intimidation, ordered plaintiff’s lessees to leave said property. Plaintiff further alleged that she had been in open, notorious, uninterrupted, peaceable and unequivocal possession of said property for more than one year prior to May 14, 1986.
It is undisputed that plaintiff’s alleged possession was disturbed as alleged. In support of her claim of possession, plaintiff submitted her affidavit along with affidavits from Minos D. Miller, Jr. and James Miller, all of which state that, as of January 19, 1985, the subject property was under a timber management lease, granted by the Millers, to Bodcaw Timber Company. That said lease was subsequently transferred to International Paper Company and thereafter terminated by the Millers on July 15, 1985. The three affiants further stated that, as of January 19, 1985, the property in dispute was under an oil, gas and mineral lease, granted by the Millers, to Amoco Production Company. That under this lease, Amoco had cleared rights-of-way, cut and sold timber, constructed a board road, erected a heavy metal gate at the point the road entered the property and drilled a water well all on the disputed tract between January 19, 1985 and March 1986. That on or about May 1, 1986, Amoco was granted a three year extension of the lease by the Millers. Additionally, the Miller affiants avowed that prior to May 14,1986, there had been no suggestion that defendants or any others were claiming ownership or possession of the disputed property. Further, defendants had never been seen on said property.
The affidavits filed by defendants in opposition reflect defendants’ claim of possession to be very sketchy. In sum, the Johnson affidavits simply attest that, during the critical period January 1985 to May 1986, from time to time, the Johnsons walked over the property and occasionally hunted thereon.
The learned trial judge did not render reasons for judgment, however, in granting plaintiff a preliminary injunction, presumably he concluded that the possession exercised by plaintiff individually and through her timber management lessee and through her mineral lessee, during the period January 1985 through May 1986 was sufficient to make a prima facie showing that plaintiff was in corporeal possession of the disputed property; the acts relied upon by defendants were not such as would usurp plaintiff’s possession (La.C.C. arts. 3433 and 3434); plaintiff had maintained peaceful possession of the disputed property for more than one year prior to the disturbance; and, plaintiff filed suit within one year of the disturbance. Finding no clear error in these conclusions, the judgment of the trial court will be affirmed at appellants’ cost.
AFFIRMED.

.Art. 3658. Possessory action; requisites
To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for *539 more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.

. Art. 3659. Same; disturbance in fact and In law defined
Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and disturbance in law.
A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.
A disturbance in law is the execution, rec-ordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.

. Art. 3660. Same; possession
A person is in possession of immovable property or of a real right therein, within the intendment of the articles of this Chapter, when he has the corporeal possession thereof, or civil possession thereof preceded by corporeal possession by him or his ancestors in title, and possesses for himself, whether in good or bad faith, or even as a usurper.
Subject to the provisions of Articles 3656 and 3664, a person who claims the ownership of immovable property or of a real right therein possesses through his lessee, through another who occupies the property or enjoys the right under an agreement with him or his lessee, or through a person who has the use or usufruct thereof to which his right of ownership is subject.