780 So.2d 1258 (2001)
Luke A. PETROVICH
v.
Karen Russell TRABEAU and James R. Trabeau.
No. 98-CA-2897.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 2001.
Rehearing Denied March 30, 2001.
Luke A. Petrovich, New Orleans, LA, Counsel for Plaintiff/Appellant.
Jerry J. Lobrano, W. Eric Lundin, III, Belle Chasse, LA, Counsel for Defendant/Appellee.
Court composed of Judge BAGNERIS, Judge TOBIAS, and Judge GORBATY.
BAGNERIS, Judge.
This is an appeal from an action seeking preliminary injunctive relief for a right of passage over a parcel of property located in Buras, Louisiana. The trial court determined appellant was not entitled to a right of passage over a neighboring parcel of land that became landlocked through his own voluntary omission. We agree.

STATEMENT OF FACTS
Luke Petrovich, plaintiff/appellant, owns a small, totally enclosed, undeveloped parcel of property in Buras, Louisiana. He is asserting a right of passage over and across the property next to his parcel, which is owned by the defendant/appellee, Karen Russell Trabeau.[1]
*1259 On June 13, 1965, in a sale from his mother, Petrovich acquired a larger portion of land from which the tract involved in this litigation was divided. This tract of land was located at a distance of 275 feet from Louisiana State Highway 23. Included in the 1965 sale was a 30 foot right of passage over an adjacent lot, which gave Petrovich access to the highway.
On October 16, 1992, Petrovich's mother sold additional lands adjacent to this tract to Petrovich and his niece, Karen Trabeau. The same 30 foot right of passage was also recognized in this sale. All of the remaining interest that Petrovich's mother had in the property was acquired by Petrovich, Trabeau and two other relatives in the succession of Petrovich's mother on January 19, 1993. On January 22, 1993, Petrovich and Trabeau executed a partition of the land, which gave Petrovich sole ownership of the land fronting Louisiana Highway 23 and Trabeau ownership of a smaller parcel of land fronting Highway 11, which also included a residence. The Act of Partition of January 22, 1993, specifically included an abandonment by Petrovich of the original 30 foot right of passage which would have encumbered the property being acquired by Trabeau. Due to Petrovich's acquisition of the larger portion of land with access to the highway, there was no longer any need for the right of way over the land that was transferred to Trabeau.
On February 27, 1997, Petrovich lost ownership of this larger tract of land to a creditor in a Sheriffs sale. From the foregoing transactional history, it would seem that after this Sheriffs sale, Petrovich was only left with the small parcel of property that remained after the 1993 partition with Trabeau. However, Petrovich has produced an additional document, which indicates that he conveyed ownership of a parcel of land immediately adjacent to the Trabeau property to Robert Mistich.[2] This conveyance purports to give Mistich a 30 foot right of way from the land to Parish Highway 11.
As a result of the transactions outlined above, Petrovich has been left with a small, landlocked parcel of land abutting the Trabeau property. Petrovich filed a petition seeking a right of passage over the land that he lost in the Sheriffs sale, which was the most direct route to the highway. Petrovich request for an injunction from the trial court would allow him the right of passage over Trabeau's property.

DISCUSSION
Petrovich argues that since his parcel of land became enclosed involuntarily, the law dictates that he should be entitled to a right of passage in order to connect his parcel of land to the nearest highway. We disagree with this assessment.
Article 689 of the Louisiana Civil Code provides the basis for an action claiming a right of passage over an adjacent lot. The Article provides that "the owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for any damage he may occasion." Article 693 provides that "if an estate becomes enclosed as a result of a voluntary act or omission of its owner, the neighbors are not bound to furnish a passage to him or his successors." Additionally, Article 694 states that:
When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished by the owner of the land on which the passage was previously exercised, even if it is not the shortest route *1260 to the public road, and even if the act of alienation or partition does not mention a servitude of passage.
Article 693 has been applied by the courts in instances where the owner of the enclosed estate has voluntarily caused his own dilemma by selling of his access property. See LeBlanc v. Thibodeaux, 615 So.2d 295, 299 (La.1993). Article 694, however, provides for the possibility of a gratuitous servitude in certain cases, even if there has been a voluntary act or omission of the landowner whose property is now enclosed. Articles 693 and 694 therefore seem to be in conflict at first glance. The Third Circuit accurately explained the relationship between these two articles.
In Spotsville v. Herbert & Murrell, Inc., 97-188 (La.App. 3 Cir., 6/18/97); 698 So.2d 31, the Third Circuit dealt with the issue of whether a person who voluntarily sold her land had any rights to a servitude under these Code Articles. The Court decided that since the vendor had sold a portion of her land with access to a highway and had failed to reserve a right of passage, she had lost access to the public road through her own voluntary act or omission. Because she had caused her own dilemma by selling off her property, she was not entitled to an Article 689 right of passage. The Court found that the vendor was also not entitled to a gratuitous right of passage under Article 694. Under Article 694, the Court pointed out that "the right to demand a gratuitous passage is accorded to one who acquires an enclosed estate as a result of a voluntary alienation ... of property." See Id. The right to a gratuitous right of passage under Article 694 is therefore not even accorded to vendors whose lands have become enclosed as a result of the alienation of a part of their estate.
A party requesting servitude is not entitled to obtain the right of passage in any location that he or she chooses. Civil Code Article 692 provides that "the passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands." However, if the shortest route is already burdened by a permanent servitude of access, a less direct route may be taken for the new servitude. See Bouser v. Morgan, 520 So.2d 937 (La.App. 3 Cir.1987).
A right of passage may be expressed in a contract or title. When it is so expressed, and the title gives the exact dimensions of the area affected by the servitude, the title must be given full effect. See Sanders v. Plaquemines Cable TV, 407 So.2d 524 (La.App. 4 Cir.1981). When the language in the title is clear and unambiguous, and the location and extent of the servitude is unambiguous, then the right of passage must be given full effect by the court. See White v. Durrwachter, 431 So.2d 65, 68 (La.App. 1 Cir.1983).
Utilizing the language of the Civil Code as well as the applicable case law, the trial court found that Petrovich was not entitled to a preliminary injunction granting him a right of passage over Trabeau's land. We agree and affirm this decision.
The Civil Code clearly states that when a vendor, through his or her voluntary act or omission, loses a right of passage from an enclosed parcel of land, he or she is not entitled to a right of passage under the law. Such is the case here. Petrovich lost the land with access to the highway as a result of the Sheriff's sale. This sale was the result of Petrovich's failure to pay his creditors; it was by his own cause. The intention of the Civil Code Articles allowing for the grant of a right of passage was to allow those people whose land is enclosed through no fault of their own to obtain servitude. To allow a person who has voluntarily lost a right of passage to obtain one through these Articles would go against the intent of the Civil Code and all logic.
Additionally, Petrovich is not even attempting to obtain right of passage through the land that abuts his own. It might have been possible for him to argue that a Sheriffs sale is a forced transaction, *1261 which by its nature is not voluntary. However, Petrovich is not even requesting a right of passage through the land that he lost in the sale. This would be the most logical since his enclosed land abuts the land that he lost in the sale. But, he is requesting the right of passage through his niece's property, which does not even have any connection with his own.
Included in the 1965 transfer of title was a clear expression of a right of way across the land now owned by the Trabeaus. Under the rulings in Sanders, supra, and White, supra, this unequivocal expression of the right of passage would have been given full effect by the court. Additionally, in the 1992 sale to Petrovich from his mother, this right of way was also similarly expressed in the Act. Once again, this expression would have been given full effect by the court. However the situation reversed in 1993, since the Act of Partition executed between Petrovich and Trabeau included a specific abandonment of the right of passage over the land now owned by Trabeau. This Court has no reason not to believe that this abandonment was intentional on the part of Petrovich, since he was acquiring a larger tract of land with its own access to a public roadway. Since there is no longer an express indication of this right of way in the current title, we cannot accept an argument that there was an intent on the part of both Petrovich and Trabeau to retain this burden on Trabeau's land.

Conclusion
Accordingly, we agree with the trial court that Petrovich will not be able to prevail on the merits of his claim for a right of passage over the land owned by his niece and her husband. He failed to show that the Louisiana Civil Code Articles dealing with the right to servitudes are applicable to his case. Further, since there is no express indication of a right to passage in the current title, there is no express indication of the intent of the parties to have a servitude, and the court cannot give effect to it. For the foregoing reasons, the trial court's judgment denying the preliminary injunction to plaintiff/appellant Luke Petrovich is hereby affirmed.
AFFIRMED.
NOTES
[1] Karen Russell Trabeau acquired a portion of the property at issue by Act of Sale. In the Act of Sale, she is designated married to co-defendant/co-appellee, James Trabeau. In this opinion we decline to address the ownership interest of James Trabeau. James Trabeau's ownership interest is not relevant to resolution of the issue presented.
[2] This "Act of Exchange" is dated January 1, 1990, but it was not recorded until July 16, 1996. No reasons were given for this delay in the original litigation, and the trial court's opinion points out that the grant of passage is on property that did not even abut the property being conveyed to Mistich.