# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-76

JEREMY RILEY TIMMER, ET AL

VERSUS

ANSLEY WADE BYNOG, ET AL

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 239,644
HONORABLE GEORGE F. METOYER, JR., DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Jimmie C. Peters and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Ricky L. Sooter**
**Jeremy C. Cedars**
**Provosty, Sadler, deLaunay,**
**Fiorenza & Sobel**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Jeremy Riley Timmer, et al.**

**Randall L. Wilmore**
**Christie C. Wood**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Ansley Wade Bynog, et al.**

PETERS, J.

The plaintiffs, Jeremy Riley Timmer, Tessie Lenee Cole Timmer, and Daniel P. Ballard (sometimes hereafter referred to collectively as the plaintiffs), appeal from a trial court judgment denying their request for a preliminary injunction to enjoin the defendants, Ansley Wade Bynog and Mary Susan Lahood Bynog (the Bynogs), from interfering in the plaintiffs' possession of their immovable property. For the following reasons, we affirm the trial court's rejection of their request for a preliminary injunction.

## DISCUSSION OF THE RECORD

At issue in this litigation is the Bynogs' use of a pond surrounded by three parcels of land in Rapides Parish, Louisiana, and owned by the litigants. Based on the land survey plats which are a part of the record, approximately two-thirds of the pond (the western two-thirds) is located on 17.12 acres of land belonging to Ballard, and the remaining approximately one-third is located on land belonging to the Timmers' 8.242 acres and the Bynogs' 4.48 acres of land. The bulk of the one-third portion of the pond is located on the Timmers' land, with only a sliver of the pond being on the Bynogs' land. The Bynogs' land lies immediately south of the Timmers' land, and their western boundary is Ballard's land.

Ballard has owned his 17.12 acres since June of 1982. The Bynogs acquired ownership of their 4.48 acre tract on November 4, 2009, and the Timmers acquired ownership of their 8.242 acre tract two days later, on November 6, 2009.[1] All three tracts are located in the Southwest Quarter of the Southeast Quarter of Section 26 and

---

[1] The Bynogs's deed of acquisition was filed in the conveyance records of the Rapides Parish Office of Clerk of Court on November 4, 2009. The Timmers' deed of acquisition was filed on November 9. 2009.

part of the fractional North One-half of the Northeast Quarter of Section 35, Township 5 North, Range 1 West in Rapides Parish.

Inspirational Properties, L.L.C (Inspirational Properties) is the ancestor in title to both the Timmers and the Bynogs. This litigation arises because the Bynogs' deed of acquisition contains the following language:[2]

> Vendor herein creates, dedicates and establishes for the benefit of the Vendee, *the Vendee's estate,* and the vendee's successors in title, their mortgagees, and their transferees, a Non-Exclusive Predial Servitude of Use and Habitation, in favor of the Vendee and Vendee's estate, for the full use and enjoyment of the entire "pond", from high bank to high bank, as shown on the Certificate of Survey by Matthew Phillips for Robert A. Corley, III, dated July 7, 2008, said pond area being partially adjacent and contiguous to the property conveyed herein, but it being the intent of the parties hereto that the Vendee shall have the full use and enjoyment of the pond area as defined on the Certificate of Survey referenced hereinabove.

(Emphasis added).

Although executed two days after the Bynogs' deed of acquisition, the Timmers' deed of acquisition makes no mention of the servitude granted to the Bynogs.

On September 21, 2010, the plaintiffs filed a petition naming the Bynogs as defendants and asserting that the Bynogs had disturbed their possession of their property by filing the servitude of use in the conveyance records in Rapides Parish. In their prayer for relief, they sought a preliminary (and ultimately a permanent injunction) prohibiting the Bynogs from using the pond. The trial court rejected their request for preliminary injunction and this appeal followed. In this appeal, the plaintiffs raise one assignment of error:

---

[2]We note that although the servitude provision in the Bynogs' deed of acquisition is titled as a "Non-Exclusive Predial Servitude of Use and Habitation," it does not purport to establish a servitude of habitation which relates to the use of a house. *See* La.Civ.Code art. 650. Thus, we find that there is no issue of habitation before us.

The pond at issue is a non-navigable body of water that is susceptible of private ownership. The plaintiffs, Dr. Ballard and the Timmers, own parts of the non-navigable pond and did not sign any servitude agreement for use of the pond. Do the Timmers and Dr. Ballard, who have not entered into any servitude agreement, have the right to enjoy their private property without disturbance?

**OPINION**

Louisiana Code of Civil Procedure Article 3601 provides that an injunction shall issue in cases "where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law." In instances involving a possessor's real right in immovable property, La.Code Civ.P. art. 3663 specifically provides for injunctive relief for a "person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right therein of which he claims the ownership, the possession, or the enjoyment."

A preliminary injunction is a procedural device utilized by the parties to maintain the matter at status quo pending a final determination by the trial court. *Gaumnitz v. Williamson*, 36,177 (La.App. 2 Cir. 8/14/02), 824 So.2d 531.

> An applicant for a preliminary injunction need make only a *prima facie* showing that he will prevail on the merits; thus less proof is required than in an ordinary proceeding for permanent injunction. *Hailey v. Panno*, 472 So.2d 97 (La.App. 5 Cir.1985). However, a preliminary injunction brought pursuant to La. C.C.P. Art. 3663 does not require a showing of irreparable injury. *Hailey v. Panno, supra; Monroe Real Estate & Development v. Sunshine Equipment Company, Inc.*, 35,555 (La.App. 2 Cir.1/23/02), 805 So.2d 1200; *Terre Aux Boeufs Land Company Inc. v. J.R. Gray Barge Company*, 2000-2754 (La.App. 4th Cir. 11/14/01), 803 So.2d 86, *writ denied*, 2001-3292 (La.3/8/02), 811 So.2d 887.

*Id.* at 536.

The trial court's issuance or denial of a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion. *Herff Jones, Inc. v. Girouard*, 07-393

3

(La.App. 3 Cir. 10/3/07), 966 So.2d 1127, *writs denied*, 07-2463, 07-2464 (La. 2/15/08), 976 So.2d 185.

The parties have stipulated that the servitude of use at issue in this litigation is a predial servitude as defined in La.Civ.Code art. 646.[3] A predial servitude is a charge on a servient estate for the benefit of a dominant estate. *Id.* It "is inseparable from the dominant estate and passes with it." La.Civ.Code art. 650. Additionally, "[t]he right of using the servitude cannot be alienated, leased, or encumbered separately from the dominant estate," and the servitude "continues as a charge on the servient estate when ownership changes." *Id.*

At the hearing on the preliminary injunction, the litigants stipulated that the pond at issue is a non-navigable body of water. Additionally, although the language of the predial servitude of use granted to the Bynogs specifically states that it covers the "entire 'pond' from high bank to high bank," the Bynogs stipulated that their rights extended only to that portion of the pond later sold by Inspirational Properties to the Timmers and not to that portion of the pond on Ballard's property. Despite this stipulation, Ballard has joined in the appeal with the Timmers.

Ballard's continued participation in this litigation seems to be based on the argument that despite the individual titles reflecting metes and bounds ownership, Ballard and the Timmers are owners in indivision of the entire pond and, therefore, Inspirational Properties could not give the Bynogs' estate a servitude of right of use of the Timmers' share of the pond without the consent of all the co-owners, i.e.,

---

[3]Louisiana Civil Code Article 534 provides that the servitude of right of use is one of the three recognized personal servitudes in that it is normally "a charge on a thing for the benefit of a person. However, the **Revision Comments** to both La.Civ.Code arts. 646 and 647 make it clear that a right of use servitude for the benefit of an estate as opposed to the owner of the estate, gives rise to a predial servitude. The language of the Bynogs' deed of acquisition supports the stipulation that the servitude is a predial servitude in that it provides that the Bynogs' estate was to benefit from the servitude as well as the Bynogs themselves.

4

Ballard's consent as well. La.Civ.Code art. 714. In making this argument, the plaintiffs rely on the assumption that the land encompassing the pond is owned in indivision and the provisions of La.Civ.Code art. 652 to the effect that "[a] predial servitude is indivisible."

We find no merit in this argument. The record establishes that the three litigants all acquired title to specific tracts of land, each tract containing a specific part of the pond. None of the deeds of acquisition suggest co-ownership of the pond, and the plaintiffs have directed us to nothing that would suggest otherwise. Additionally, the trial stipulation that the Bynogs claim no servitude of use over Ballard's share of the pond renders any claim he may have against the Bynogs in this litigation moot. Based on the foregoing, we find that the trial court correctly determined that the plaintiffs failed to make a prima facie showing that they will prevail on the merits of this matter.

**DISPOSITION**

For the foregoing reasons, we affirm the trial court's denial of the preliminary injunction sought by Jeremy Riley Timmer, Tessie Lenee Cole Timmer, and Daniel P. Ballard. We assess one-half of the costs of appeal to Jeremy Riley Timmer and Tessie Lenee Cole Timmer, and one-half to Daniel P. Ballard.

**AFFIRMED.**

5