336 So.2d 323 (1976)
Harvey HENRY
v.
Bernard A. REMBERT.
No. 10815.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
Rehearing Denied August 27, 1976.
*324 Keith M. Whipple, Houma, for appellant.
Sidney C. Sundbery, Houma, for appellee.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
Harvey Henry filed suit against Bernard A. Rembert for specific performance of a contract to exchange immovable property and for recognition of his right to a gratuitous servitude of passage over the property to be exchanged by him to Rembert. The trial court granted specific performance of the contract, ordered the exchange, and granted a gratuitous servitude of passage. Rembert timely appealed the judgment.
Appellant Rembert specifies as error the ruling of the trial judge ordering specific performance and also the granting of the gratuitous servitude.
The facts found in the record disclose the following: By letter of September 20, 1972 appellant offered to appellee to exchange a certain tract of land belonging to appellant which lay to the south and rear of a certain tract of appellee and contiguous thereto. In exchange he asked for a 19' × 200' strip from appellee's tract, which strip was the front or northern 19' and which bordered an existing lane. The letter stated that the offer would remain open for six months.
Appellee, through his attorney, on October 27, 1972 wrote appellant notifying him that he accepted the offer. The last paragraph of that letter stated:
"Please confirm in writing that we should prepare the act of exchange for your signature within ten (10) days of the above date so that we may prepare same."
*325 Appellant initially contends that a contract to exchange was never consummated because appellee's purported acceptance was conditioned upon appellant's written confirmation within ten days that appellee should prepare for signing the act of exchange. Appellant relies on the case of Fontenot v. Huguet, 230 La. 483, 89 S.2d 45 (1956), but this reliance is misplaced. That case likewise dealt with immovable property which the defendant therein had offered to sell. The plaintiff's written acceptance concluded with "this offer is good for 30 days." Our Supreme Court, recognizing the principle that an offer must be accepted as made to constitute a contract, held that the above limitation was more than a hope or suggestion concerning the early title transfer. The condition effectively gave each party the right to withdraw within the time period, and thus no contract was consummated.
We distinguish Fontenot from the case at hand. The request for confirmation that appellee should prepare the act of exchange is simply that: i. e., a request, after unconditional acceptance of the contract to exchange, for appellant's approval of administrative details of completing the exchange, or fulfilling the contract provisions. It in no way conditioned appellee's acceptance nor changed the substance of the offer in any way. Therefore, the trial court correctly held the contract valid.
Appellant next maintains that appellee had no right under La.Civ.Code art. 701 to a gratuitous servitude of passage over the property transferred to appellant. We agree.
That article states:
Art. 701. It is not always the owner of the land which affords the shortest passage who is obliged to suffer the right of passage; for if the estate, for which the right of passage is claimed, has become inclosed by means of sale, exchange or partition, the vendor, coparcener or other owner of the land reserved, and upon which the right of passage was before exercised, is bound to furnish the purchaser or owner of the land inclosed with a passage gratuitously, and even when it has not been sold or transferred with the rights of servitude.
The leading case interpreting the above article is Estopinal v. Storck's Estate, 44 So.2d 704 (La.App.Orl. Cir. 1950). That case distinguishes the right (to an Article 701 servitude) of one acquiring an enclosed estate from a vendor or other owner, from the right vel non of an owner who, selling a part of his land, reserves for himself an enclaved portion. In the latter instance, no Article 701 servitude is due, since the owner-vendor, by his own actions, deprived his estate of access. See also Arcuri v. Cali, 244 So.2d 309 (La.App. 4th Cir. 1971).
Prior to the proposed exchange, appellee owned the northern tract bordering the lane and with access thereto. After the exchange, the transfer by appellee to appellant of the 19 foot strip will enclose the remainder of appellee's tract. However, this situation is one of appellee's making; therefore, there is no right to a gratuitous servitude of passage under Article 701.
Appellee in the original suit and in brief asked alternatively that he be provided a servitude under La.Civ.Code art. 699. This article and Article 700 provide that the owner of an enclosed estate shall have the right to a servitude of passage, but such servitude is not gratuitous, Article 699, and must be fixed generally where the distance to the public road is shortest and the injury the least, Article 700.
The case will, therefore, be remanded to the trial court on this point to fix compensation for and location of this servitude of passage. The decision of the trial court is affirmed as to the contract and reversed as to the granting of the servitude under Article 701.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
*326