499 So.2d 314 (1986)
Louis T. HOWES
v.
John Booth HOWES.
No. CA 85 1052.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
*315 Curtis M. Baham, Jr., Hammond, for Louis T. Howes.
John B. Howes, in pro per.
Before LOTTINGER, SHORTESS and CARTER, JJ.
LOTTINGER, Judge.
This is an action seeking both declaratory and injunctive relief for a gratuitous predial servitude. From a judgment granting a predial servitude and enjoining defendants from interfering with or obstructing the free use of the servitude, defendants have appealed.

FACTS
We glean the following facts from the record. Plaintiff, Louis T. Howes, defendant, John Booth Howes, and their sisters, Mrs. Helen Howes Heitman and Mrs. Jean Howes Tanner, were the children and the heirs of Louis Raymond and Della Hover Howes. They inherited on their parents' death a certain parcel of ground in Tangipahoa Parish, Louisiana. On May 4, 1978, subsequent to the death of the parents, three of the children entered into a voluntary partition of the real estate. Prior to the partition, the defendant, John B. Howes, had purchased the interest of his sister, Mrs. Jean H. Tanner. The description of the parcel acquired by John B. Howes contains a description of a gravel road. A surveyor's plat delineating each heir's interest is attached to the act of partition. The parcel designated to John B. Howes shows a gravel road. However, neither the act of partition nor the surveyor's plat contains any reference to a right of way or servitude. The gravel road on the plat survey is a diagonal line running from U.S. Highway 22,[1] across a portion of John B. Howes' property, to the parcel received by Louis T. Howes. The parcel received by the plaintiff is enclosed and denied access to a public road.
Prior to the partition, plaintiff had moved onto that portion of the property which had been his parents' homestead. The gravel road had been in existence since the elder Howes had lived on the property, and plaintiff, after moving onto the property, continued to use the gravel road for access to and from his house.
Sometime in late 1983 or early 1984, defendant, John B. Howes, constructed a gate with a lock across the entrance to the gravel drive. Plaintiff was provided with two keys to the lock. The gate was allegedly only locked between 10:00 p.m. and 5:30 a.m. Defendant contends that the reason for the gate and lock was to prevent trespassers from using the road as well as to protect the safety of his daughters-in-law at night while their husbands were at work.
The other defendant, Linda Howes Byers, was made a party to this suit when it was learned that she purchased a portion of her father's, John B. Howes, property, and her property line went to the middle of the gravel road.
In filing this suit, plaintiff seeks to have a predial servitude of passage recognized either under the act of partition or under La.Civ.Code art. 694. Plaintiff also seeks to have the defendant, John B. Howes, both enjoined from obstructing the free use of *316 the gravel road and ordered to remove the gate. In answering the petition, defendants seek, in the event the predial servitude is judicially recognized or granted payment of the fair market value of the servitude.

TRIAL COURT
The trial court recognized a predial servitude of passage to run with the land for the benefit of plaintiff, his heirs, successors, assigns, and third party purchasers over the following described immovable property:
A certain tract or parcel of land in Section 13, T7S, R8E, Tangipahoa Parish, Louisiana, more particularly described as follows, to-wit: Commencing at the Southwest Corner of Section 13, proceed thence North 00 deg. 20 min. East 1317.6 feet; thence East 660 feet for a point of beginning; thence North along the West boundary of the property herein conveyed to a point where the said west boundary intersects the gravel road leading from this property to U.S. Highway 22; thence along the same North 19 deg. 50 min. West 324 feet to the South margin of U.S. Highway 22; thence along the same North 75 deg. 35 min. East 32 feet; thence along the East margin of the said gravel road southerly to the west margin of the property herein conveyed; thence North along the Wagon Road to its intersection with U.S. Highway 22; thence along the same North 75 deg. 35 min. East 10.6 feet; thence South along the East margin of the said Wagon Road 239 feet; thence East 649.4 feet; thence North 303 feet; thence East 1320 feet; thence South 2609 feet; thence South 88 deg. 58 min. West 457.7 feet; thence North 1031 feet; thence West 1072 feet; thence North 04 deg. East 243 feet; thence North 08 deg. West 42 feet; thence West 447 feet to the point of beginning. All as per survey by William H. Pringle, C.E., and Surveyor, dated April 21, 1978, a copy of which is filed at COB 457, Page 103, of the official records of Tangipahoa Parish, Louisiana.
Additionally, defendants were ordered to remove the gate and any other impediments to the free use of the predial servitude. They were also enjoined and restrained from erecting further gates or obstructions.

ASSIGNMENTS OF ERROR
In appealing, defendants have assigned the following specifications of error: (1) that the right of passage was granted without indemnifying the defendants for any damage and without compensating the defendants for the right of way or its maintenance; (2) that the plaintiff refused to accept access to a public road closer than U.S. Highway 22 rather than the one over the defendants' property; (3) that the predial servitude was granted over the defendants' entire estate, rather than a particular route; (4) that the defendants' right to demand relocation of the predial servitude was not recognized in the judgment; and (5) that it was not shown how, if the gate is unlocked, the plaintiff's use of the predial servitude was obstructed.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Under the facts of the case sub judice, Louis T. and John B. Howes were both parties to the same act of partition. Each received a parcel of land in the partition. The parcel of land received by Louis Howes is enclosed. However, prior to the partition, access to the "now" enclosed parcel consisted of a gravel road over the parcel of land received by John B. Howes in the same partition.
La.Civ.Code art. 694 provides that "[w]hen in the case of partition, ... property... partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of ... partition does not mention a servitude of passage."
Thus, it is clear, under Article 694, that when the enclosed estate is a result of *317 a partition, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised. This is so, even if the passage is not the shortest route to a public road and even if no mention of the servitude is contained in the act of partition. Therefore, under Article 694, defendants have no right to be compensated for the granting of the servitude of passage. The same reasoning also holds true for the claim by defendants that a shorter route over neighboring property was offered to the plaintiff.
Defendants argue that under this court's interpretation of La.Civ.Code art. 701 (the predecessor of Article 694) in Henry v. Rembert, 336 So.2d 323 (La.App. 1st Cir.1976), where a landowner encloses his estate voluntarily, he is not entitled to a gratuitous servitude of passage. The Rembert case is distinguishable on its facts. The parcel of land that became enclosed never utilized the alleged servient estate as a means of passage to the public road. Thus, one essential element in the formula of Article 701 (now Article 694) was missing.
The defendants contend the trial judge failed to address the problem of participation by plaintiff in the maintenance in the servitude of passage. We initially note that defendants did not, in their pleadings, pray for such relief. Further, the defendants, in the presentation of their case, made only slight mention of the servitude's maintenance. Thus, we conclude the issue was never fully presented to the trial court. Since this was an issue that was not presented to the trial court, there is insufficient evidence from which this court could reach any conclusion, we decline to address this alleged error. See Uniform Rules Courts of Appeal, Rule 1-3.

ASSIGNMENT OF ERROR NO. 3
In this assignment of error, defendants argue that in granting the servitude of passage over their property the trial judge failed to delineate or describe with specificity the servitude of passage. We agree. Therefore, we amend the trial court judgment to provide that the servitude of passage over the property hereinabove described is limited to that gravel road as depicted on the plat entitled "Map of Survey and Division of the Lands of the Louis R. Howes Est. located as shown in the S.W.¼ of Section 13, T-7-S, R-8-E, Tangipahoa Parish, La.," being the same plat attached to the act of partition recorded in the office of the Clerk of Court of Tangipahoa Parish, Louisiana, under Entry No. 252186.

ASSIGNMENT OF ERROR NO. 4
In this assignment of error, defendants contend the trial judge erred in failing to relocate the servitude of passage as authorized by La.Civ.Code art. 695. Our review of the pleadings and of the trial transcript leads us to the inescapable conclusion that this issue was not presented to the trial court, and thus we pretermit this discussion. Uniform RulesCourts of Appeal, Rule 1-3.

ASSIGNMENT OF ERROR NO. 5
Defendants argue that the trial judge was in error in ordering the removal of the gate and in enjoining them from further obstructing the use of the servitude of passage.
A servient estate cannot hinder the reasonable enjoyment of the servitude by the dominant estate. However, the courts recognize that when a servitude is established by law, as in an Article 694 servitude, that the interest of both estates must be balanced. See Stuckey v. Collins, 464 So.2d 346 (La.App. 2nd Cir.1985); Pittman v. Marshall, 104 So.2d 230 (La.App. 2nd Cir.1958).
Thus, we are of the opinion that the erection of a gate, which is locked between the hours of 10:00 p.m. and 5:30 a.m., is not an unreasonable hinderance to the exercise of this servitude. The gravel road is the access for several families to their homes. The fear by wives alone at home of strangers driving down the gravel road late at night is reasonable. The time the gate is *318 locked is reasonable considering the fact that unexpected visitors would not generally visit at this time of the night. It occurs to this court that in those situations where visitors are expected to either arrive or leave after the gate is locked, an agreement could be reached as to the gate's opening. If cooperation between these parties proves impossible, then the dominant estate can again proceed for injunctive relief. However, the record is devoid of any failure to cooperate. Thus, we conclude that the trial judge was in error in granting the injunction.
Therefore, for the above and foregoing reasons, the judgment is amended to describe by reference to a plat the servitude of passage, is reversed insofar as injunctive relief was granted, and in all other respects is affirmed. The costs are to be paid equally by both sides.
AMENDED IN PART, REVERSED IN PART, AND AFFIRMED IN PART.
NOTES
[1] Although the documents refer to the highway as U.S. 22, it's probably Louisiana Highway 22. However, to be consistant with the record, we will refer to this highway as U.S. Highway 22.