615 So.2d 295 (1993)
Errol J. LeBLANC, et al.
v.
Lloyd THIBODEAUX, et al.
No. 92-C-0982.
Supreme Court of Louisiana.
February 22, 1993.
*296 James Isaac Funderburk, Funderburk & Herpin, Abbeville, for applicant.
Paul J. Hebert, Larry C. Hebert, Sonnier, Hebert & Hebert, Abbeville, for respondent.
CALOGERO, Chief Justice.[*]
We granted a Writ of Review in this case to determine whether LSA-C.C. article 689 applies (enclosed estate has right of passage over neighboring property) when an estate becomes enclosed as a result of an act of partition, and a right of passage reserved in the act is not utilized thereafter for more than ten years.
The case involves a 72 arpent tract of marsh land that was once part of a single larger tract, owned by Charles Dugas and Edmonia Thibodeaux. In 1929, after the deaths of both Dugas and Thibodeaux, their five children partitioned the single tract of land except for the part that constituted the 72 arpent tract.[1] The five children continued to hold the latter in indivision. The act of partition granted a right of passage from the 72 arpent tract over land which in the partition went to two of the five children, Emma and Eva Dugas.
The plaintiffs and defendants in this case are all successors to several of the five children. Plaintiffs, the LeBlancs, filed suit originally against the defendant Lloyd Thibodeaux (then added other family members as co-defendants), because Thibodeaux had erected a gate barring passage across what had apparently been an access road.[2] They claimed that Thibodeaux was disturbing their possession and "right of use of passage." Thibodeaux answered by filing an exception of prescription in which he claimed that the right of passage reserved in the 1929 act of partition was a conventional right of passage which had prescribed under C.C. art. 753.[3] In response, the LeBlancs amended their petition to claim that even if they had lost this conventional right, they were still entitled to a legal right of passage under C.C. art. 689 because the 72 arpent tract had become an enclosed estate.[4]
The district court found that the conventional servitude had prescribed. The LeBlancs did not appeal that finding. In a separate proceeding instituted by the LeBlancs against Thibodeaux, the trial judge addressed the issue of whether the LeBlancs had an enforceable claim to a legal right of passage. He first determined that the LeBlancs were not entitled to a gratuitous right of passage under C.C. art. 694.[5] He found that because the tract "was never partitioned and remains to this day in indivision," it "was never alienated by sale, exchange, or otherwise," and furthermore *297 "this right of passage was [not] exercised prior to the 1929 partition or subsequently." In effect, the trial judge found that the tract was not alienated property which had become enclosed because of the partition, but rather property which had been owned in indivision by the five co-owners both before and after the act of partition.
The trial judge nonetheless found that the LeBlancs were entitled to a right of way under C.C. art. 689, which provides that the owner of an estate with no access to a public road may claim a right of passage over neighboring property to the nearest public road by indemnifying his neighbor for the damages the right of passage may occasion. Furthermore, although there was a conventional servitude granted in the 1929 act of partition, this did not change the fact that the property, after 1929, had no natural access to a public road and had therefore become enclosed in that year. The enclosed property was thus entitled to a C.C. art. 689 legal servitude following the partition. The trial judge determined that the LeBlancs' right to claim passage over neighboring land was unaffected by the fact that the act of partition also created a conventional right of passage (later lost through non-use).
The judge further determined that the 1929 right of passage had never been used.[6] What's more, the LeBlancs and their ancestors had not committed any voluntary act or omission, distinct from the partition, that had enclosed the estate. Rather, it was the act of partition itself which had enclosed the estate; and the estate remained enclosed thereafter. In addition, the trial judge noted that the right to a legal servitude of passage does not prescribe.[7] Finally, the trial judge noted that Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (La.1970) had determined that it was against public policy to encourage landlocking of property. Accordingly, the trial judge held that the LeBlancs had a right to a C.C. art. 689 legal right of passage, with the corresponding obligation "to indemnify his neighbor for the damages he may occasion."
The Court of Appeal reversed. That court agreed with the district court that the LeBlancs were not entitled to a gratuitous right of passage under C.C. art. 694.[8] But they reversed the district court's finding that a right of passage came into existence by virtue of C.C. art. 689. The court of appeal found that the 1929 partition had created a right of passage, although it was not utilized thereafter by the LeBlancs. They concluded that the estate had not become enclosed until the conventional servitude was lost through nonuse for ten years, that this loss of the servitude through nonuse was a voluntary act or omission (over the ten year period) which triggered C.C. art. 693, with the consequence recited in that article that "the neighbors are not bound to furnish a passage to him or his successors." [9]
In this Court, the LeBlancs reurge the argument that C.C. art. 689, which creates *298 a legal servitude, is applicable to this case. They claim simply that their property has no access to a public road.
The dispositive question in the case is whether the court of appeal was correct in deciding that the estate had not become enclosed until the conventional servitude, which was created in the 1929 act of partition, was lost after ten years of nonuse. We conclude differently from the court of appeal on this point; the land became enclosed when the act of partition was passed.
The 1929 Act of Partition was a well written legal document. In detailing how the 810 arpent tract of land (approximately 700 acres) was to be divided, the act of partition explained in great detail which part of the large tract each of the five children was to receive. The 72 arpent tract of land came into existence by virtue of the partition. After the act divided the bulk of the property among the children, the undivided 72 arpent tract remained as the only part owned in indivision. Consequently, that tract, a distinct parcel of land, was created and became simultaneously enclosed, as a result of the voluntary partition of the single large tract, not by the loss of the conventional servitude of passage ten years later.
The Civil Code addresses the right of passage in Book II, Things and the Different Modifications of Ownership; Title IV, Predial Servitudes; Section 3, Right of Passage. Section 3 includes eight articles, C.C. art. 689 through 696. The articles were revised in 1977.
Civil Code Article 689 details the legal right of passage. It allows an owner of an estate that has no access to a public road to claim a right of passage over neighboring property to the nearest public road provided that the owner pays indemnity for the damage he causes. Articles 690, 691, and 692 address the extent of, constructions allowed on, and location of the passage. Complementing Article 689 is Article 694 which provides a gratuitous right of passage when property alienated or partitioned thereby becomes enclosed. According to that article, passage is to be furnished gratuitously by the owner of the land on which the passage was previously exercised.
Article 693, the article which is pivotal in resolving this case, came into being for the first time in 1977. It is essentially an exception to the obligation of a neighbor to provide passage to an estate that becomes enclosed, and it is triggered by a voluntary act or omission of an owner. Article 695 deals with relocation of a servitude. Finally, Article 696 deals with the prescriptibility of the right of indemnity against the owner of the enclosed estatethe right may be lostwhile specifying that accrual of prescription has no effect on the right of passage.
Article 693 brings to the statutory scheme a certain tension, if not ambiguity. By virtue of articles 689 and 694 an enclosed landowner is entitled to a right of passage irrespective of how the enclosure came to pass. If the owner of the enclosed estate simply has no access to a public road, he must indemnify his neighbor for the damage he causesart. 689. If a partition (or alienation) causes the enclosure, passage is to be gratuitously furnished art. 694. Yet, art. 693 relieves a neighbor of the obligation to furnish a right of passage if there has been a voluntary act or omission on the part of the landowner who is demanding the right. Therein lies the possible conflict.[10]
The pertinent questions for us, regarding art. 693, are whether and to what extent, if at all, art. 693 has changed the *299 law, and just what type of voluntary act or omission of the owner is required to excuse the neighbor of enclosed property from furnishing passage.[11] Helpful in discerning the redactors' intent in revising the articles on the right of passage are the transcripts of the Louisiana Law Institute: Revision of the Code Book II of the Louisiana Civil Code of 1870 (meetings held on June 6-7 and June 27-28, 1975), which contain discussions regarding the revisions of the articles on the right of passage. Also directly pertinent is the section of Professor Yiannopoulos's treatise on property which addresses the same Civil Code articles.[12]
The drafters apparently contemplated that article 693's exception would negate the right of passage otherwise afforded by art. 689 where the enclosure has been created by the owner's sale of his access property, for the entire focus of their discussion was on how the law would affect vendors. Their statements demonstrate that this article was drafted primarily to address a vendor's voluntary act or omissions, where the vendor fails to reserve a right of passage after his land becomes enclosed as a result of his sale of adjoining property.[13] According to the article, the vendee, in this instance, will be relieved of the obligation to supply passage if his vendor, through his own voluntary act of selling part of his property, has neglected to, or chosen not to reserve a right of passage over the land.
Professor Yiannopoulos addresses article 693 at Chapter 5, titled "Enclosed Estates: The Right of Forced Passage". In a brief discussion of the article, he points out that "[a]rticle 693 declares that if an estate becomes enclosed as a result of a voluntary act or omission, such as the sale of a part of an estate that furnishes access to a public road, the neighbors are not bound to furnish a passage to the owner who enclosed himself and his successors."[14] We believe that a reasonable interpretation which respects C.C. articles 689 and 694 while giving effect to C.C. art. 693, the exception to the right of passage added to our law in 1977, is to apply C.C. art. 693's "voluntary act or omission" only to instances where the enclosed estate's owner has caused his dilemma by selling off his access property, or at the least by not applying art. 693 where the voluntary "alienation" which causes the enclosure is a partition, which is governed by C.C. art. 694 and C.C. art. 689.
How and if the article is applicable to voluntary acts or omissions beyond an owner's creating his own enclosure by selling off access property is problematic. It is simply unnecessary for us to resolve that question here.
This interpretation is not only consistent with the thinking of the redactors but it respects the strong public policy of this state which is to discourage landlocking. We note the following in Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970):
While Article 699 [now Article 689] has generally been accepted as designed to benefit the landowner so he could produce profit for himself and obtain full utility of his land, it must now be deemed also to offer protection of the public interest. As land becomes less available, more necessary for public habitation, use, and support, it would run contrary to public policy to encourage landlocking of such a valuable asset and forever removing it from commerce and from public as well as private benefit. (emphasis added)
Id., 237 So.2d at 668.
For the foregoing reasons we conclude that the district judge was correct when he *300 decided that the plaintiffs are entitled to a legal right of passage.

DECREE
For the above reasons the judgment of the court of appeal is reversed and that of the district court is affirmed. The case is remanded to the district court to determine the location of the right of passage and to fix the amount of indemnity (for the damages to be occasioned) which the plaintiffs owe the defendant.
REVERSED; REMANDED TO THE DISTRICT COURT.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
The seventy-two-arpent tract was not enclosed after the 1929 partition because of the servitude of passage established in the act of partition. The tract became enclosed when the servitude of passage prescribed because of non-use ten years later. Nevertheless, La.Civ.Code art. 693 does not deprive plaintiffs of the right to claim passage over his neighbor's property in this case.
As the majority states, Article 693 was designed to prevent an owner from claiming passage across his neighbor's land when the enclosure results from the owner's voluntary act of selling or partitioning part of the property without reserving a right of passage. Here, plaintiffs reserved a right of passage from the tract that would otherwise have become enclosed by the partition and did not voluntarily enclose themselves. The enclosure occurred ten years later when the servitude lapsed by operation of law.
In my view the failure to use the servitude for ten years was not the type of voluntary act or omission contemplated by Article 693. Therefore, plaintiffs are entitled to claim passage under La.Civ.Code art. 689.
NOTES
[*] Justice Luther Cole was assigned to participate in this case, having been on the Court when it was argued. For the procedure employed in cases considered after January 1, 1993, see the footnote in State v. Barras, 615 So.2d 285, decided on this date.
[1] The original tract was approximately 810 arpents. An arpent is an old French measurement of land area equal to about 0.85 acres. Therefore, the original tract measured approximately 700 acres and the disputed 72 arpent tract consists of approximately 61.2 acres.
[2] The court of appeal refers to a gate across "the servitude of passage."
[3] Civil Code Article 753:

A predial servitude is extinguished by nonuse for ten years.
[4] Civil Code Article 689:

The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.
[5] Civil Code Article 694 states:

When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage.
[6] It appears from the record that the road was never built because a waterway was used to go back and forth to the land. However, as the waterway began to dry up and as it became less usable, a need arose for land passage to the 72 arpent tract.
[7] Picard v. Shaubhut, 324 So.2d 517 (La.App. 1st Cir. 1975), which involves a situation similar to the case at hand, supports the district judge's finding that a legal servitude of passage is imprescriptible. In Picard the court stated: "We are of the opinion as were the above French writers that those servitudes imposed by law are necessary servitudes and are therefore imprescriptible. We reason, that if plaintiff's ancestors-in-title upon acquiring the tract of land that is enclosed, and upon having designated in his deed of title the area of land which he was to use to have passage from his enclosed estate were never to use that passage, then he could lose something that was guaranteed to him by law." Id. at 524-525.
[8] The court of appeal observed that "[the LeBlancs'] ancestors-in-title did not `acquire an enclosed estate' as a result of the act of partition. The five children simply continued to own the 72 arpent tract in indivision, maintaining the status quo as to that tract." LeBlanc v. Thibodeaux, 595 So.2d 1213, 1215 (La.App. 3 Cir.1992).
[9] Civil Code Article 693:

If an estate becomes enclosed as a result of a voluntary act or omission of its owner, the neighbors are not bound to furnish a passage to him or his successors.
[10] Prior to the 1977 revision and the incorporation of Article 693 into the Civil Code, no such ambiguity existed. The Code contained no provision relieving a neighbor of his obligation to furnish passage if the enclosure had occurred as a result of a "voluntary act or omission." The Civil Code simply provided, at Article 699 (now C.C. art. 689) that an owner of land whose estate had become enclosed and had no access to a public road was entitled to a right of passage provided he indemnified his neighbor, and at Article 701 (now C.C. art. 694) that passage was to be provided gratuitously if the land became enclosed as a result of a sale, exchange, or partition.
[11] The Official Comment to Article 693 acknowledges that the article is new and that it is based on Article 1014 of the Greek Civil Code; the Comment recites further that "it does not change the law. Cf. Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970)."
[12] A. Yiannopoulos, Predial Servitudes, 4 Louisiana Civil Law Treatise (1983).
[13] In the discussion regarding the Article 693, a suggestion was made that the comment under the article should put the "seller on notice that he should retain a right of passage." Louisiana State Law Institute, Revision of Code Book II of the Louisiana Civil Code of 1870 at 99 (June 7, 1975).
[14] A. Yiannopoulos, Predial Servitudes, § 99, at 296 in 4 Louisiana Civil Law Treatise (1983).