662 So.2d 519 (1995)
Warren WATTS, et al.
v.
Susan BALDWIN, et al.
No. 95 CA 0260.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
*520 Keith Rowe, Livingston, for Appellees, Warren J. Watts, Sonya P. Watts, and Leonard J. Kinchen.
Charles W. Borde, Jr., Denham Springs, for Appellant, Susan Diane Baldwin.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
GONZALES, Judge.
This is an appeal from a judgment granting a predial servitude in the form of a right of passage. Defendants/appellants, Susan Diane Baldwin, John C. Behrnes, and Sallie Kinchen Stewart, are the owners of the servient estates over which the servitude of passage lies. Plaintiffs/appellees, Warren J. and Sonya P. Watts and Leonard Jerry Kinchen, are the owners of the dominant estates in favor of which the servitude of passage was granted.

FACTS AND PROCEDURAL HISTORY
Following the death of their father, Leonard M. Kinchen, and by act of partition dated November 16, 1992, siblings Stewart and Kinchen became the owners of adjacent tracts of land located in the Parish of Livingston, State of Louisiana. The land acquired by Stewart is comprised of two 12.5 acre tracts, referred to in this litigation as Tract 48-SA and 48-SB. The land acquired by Kinchen was a 51.6 acre tract located immediately east of Stewart's tract. A 12 acre tract located immediately west of Stewart's property is owned by Baldwin, who purchased the land from her parents on April 27, 1992. Baldwin's father, James Baldwin, had previously purchased the 12 acres, on May 7, 1973, as part of a larger tract from, among others, Leonard M. Kinchen. Susan Baldwin's property is adjacent to Baldwin Road, which is a public road.
By two agreements, each dated June 24, 1993, Stewart granted a lease with option to purchase Tract 48-SA and an option to purchase or option to lease with option to purchase Tract 48-SB to Baldwin and Behrnes, who were planning to soon marry. As part of the latter agreement, Baldwin granted a servitude of passage over her land to Stewart in favor of Tracts 48-SA and 48-SB so that Stewart could exercise the timber rights she reserved in the agreement. It was also agreed by the parties that "should Susan Diane Baldwin and/or John C. Behrnes actually purchase Tracts 48-SA and 48-SB, ... they agree that they will grant a 50 ft. wide servitude of passage over their property to Leonard Jerry Kinchen...."
By credit deed dated November 1, 1993, as amended by an act of correction dated December 23, 1993, Kinchen sold 45.6 acres of his 51.6 acre tract to the Watts, maintaining ownership of 6 acres located in the southeast corner of the property.
*521 Although Baldwin, Behrnes, and Stewart are willing to grant a servitude of passage to Kinchen over their respective properties, the present dispute involves a refusal by them to grant a servitude of passage to the Watts. On December 28, 1993, the Watts and Kinchen (plaintiffs) filed suit against Baldwin, Behrnes, and Stewart (defendants) for a servitude of passage under Civil Code articles 689, 692, and 693, seeking passage over Stewart's property and Baldwin's property to Baldwin Road. The plaintiffs also sought damages for trespass against Behrnes who destroyed timber on their property while bushhogging.
Following a bench trial, the trial court rendered judgment in favor of the plaintiffs, finding that their respective properties constituted "enclosed estates" within the meaning of La.C.C. art. 689, and granting a predial servitude of passage in favor of the lands owned by them across the lands owned by Stewart and Baldwin. The judgment also contained an order requiring that any existing gates across the servitude be removed and prohibiting the erection of any gates by the defendants without the consent of the plaintiffs. Further, the judgment ordered Behrnes to pay damages to the plaintiffs for trespass.
The defendants appeal the judgment of the trial court, asserting the following assignments of error:
1. The district court erred in granting Kinchen a predial servitude instead of a personal servitude of passage.
2. The district court erred in granting the plaintiffs a predial servitude of passage over the lands owned by defendants because the servitude, if any, should have been granted over the land of plaintiffs' vendor and co-owner in the partition deed.
3. The district court erred in granting the predial servitude over the lands owned by the defendants because it is not the shortest route to the nearest public road.
4. The district court erred in determining that the servitude granted be 50 feet wide because this width is excessive and beyond any need of the plaintiffs.
5. The district court erred in prohibiting the erection of a gate across the servitude by the defendants without the consent of the plaintiffs.

PREDIAL SERVITUDE OF PASSAGE
When an estate has no access to a public road, the owner of the estate may claim a right of passage over neighboring property to the nearest public road. La.C.C. art. 689. The right of passage for the benefit of an enclosed estate shall be suitable for the kind of traffic that is reasonably necessary for the use of that estate. La.C.C. art. 690. The owner of the enclosed estate may not demand the right of passage anywhere he chooses. The passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands. La.C.C. art. 692.

ASSIGNMENT OF ERROR NUMBER ONE
In their first assignment of error, defendants argue that the trial court erred in granting Kinchen the servitude of passage as a predial servitude for the benefit of his estate rather than as a personal servitude for his personal benefit alone. Defendants base this argument on language contained in the "Servitude of Right of Way and Option Agreement" dated June 24, 1993, which states:
It is further understood and agreed by the parties hereto that should Susan Diane Baldwin and/or John C. Behrnes actually purchase Tracts 48-SA and 48-SB, in addition to Tract I [the tract already owned by Baldwin], they agree that they will grant a 50 ft. wide servitude of passage over their property to Leonard Jerry Kinchen, who owns property located to the East of the described tracts, said servitude of passage to run from Mr. Kinchen's property out to Guitreau Lane, with the actual place of said right of way to be determined by the parties at that time.
Defendants argue that the above language only obliges them to grant a personal servitude of passage to Kinchen.
We note that the obligation of Baldwin and/or Behrnes to grant Kinchen a right of *522 passage under the "Servitude of Right of Way and Option Agreement" only exists once Baldwin and/or Behrnes have actually purchased Tracts 48-SA and 48-SB. It is undisputed that this has not occurred; thus, no servitude is yet owed by Baldwin and/or Behrnes under the terms of the above referenced agreement. Thus, the possibility that Kinchen may eventually be entitled to a personal servitude of passage under the agreement between Stewart and Baldwin and Behrnes is not at issue herein.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In assignment of error number two, the defendants argue that, if the plaintiffs are entitled to a predial servitude of passage, the servitude in favor of Kinchen's property should have been imposed on property owned by his co-heirs based upon La.C.C. art. 694, and the servitude in favor of the Watts' property should have been imposed upon their vendor, Kinchen, and his co-heirs under La.C.C. arts. 693 and 694.
According to article 694, in the case of a partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be granted gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage. Thus, if the act of partition among the Kinchen heirs would have caused Kinchen's 51.6 acres to become enclosed, then passage would have to be gratuitously provided to Kinchen by the owner of land on which passage was previously exercised, if any, even if it is not the shortest route to the public road. However, in this case, Kinchen's estate was an enclosed estate prior to the partition among the Kinchen heirs; therefore, the partition did not cause Kinchen's tract to become enclosed and article 694 is not applicable.
The plaintiffs argue that the Watts' claim to a servitude of passage is governed by La.C.C. art. 693, which provides that neighbors are not bound to furnish a passage to the owner of an enclosed estate, or his successors, if the estate becomes enclosed as a result of a voluntary act or omission of its owner. In LeBlanc v. Thibodeaux, 615 So.2d 295, 299 (La.1993), the Louisiana Supreme Court observed that article 693, added to the Civil Code in 1977, effective January 1, 1978, was drafted primarily to address a vendor's voluntary act or omission, where the vendor fails to reserve a right of passage when he sells part of his land, resulting in his remaining property becoming enclosed. In such a case, the vendee will be relieved of the obligation to supply passage if his vendor, through his own voluntary act of selling part of his property, has neglected to, or chosen not to reserve a right of passage over the land. After reaching this conclusion, the LeBlanc court held:
We believe that a reasonable interpretation which respects C.C. articles 689 and 694 while giving effect to C.C. art. 693, the exception to the right of passage added to our law in 1977, is to apply C.C. art. 693's "voluntary act or omission" only to instances where the enclosed estate's owner has caused his dilemma by selling off his access property, or at least by not applying art. 693 where the voluntary "alienation" which causes the enclosure is a partition, which is governed by C.C. art. 694 and C.C. art. 689.
615 So.2d at 299.
Because the Watts are not owners who enclosed their estate by selling off access property to the nearest public road, article 693 cannot be applied to them directly under the holding of LeBlanc v. Thibodeaux. However, it is arguable that the rule of article 693 could apply to the Watts as successors of Leonard M. Kinchen, the father of Stewart and Leonard Jerry Kinchen. It is undisputed that, at one time, Leonard M. Kinchen owned all of the property now owned by the litigants in this case. Apparently, when Leonard M. Kinchen sold 40.68 acres of the parent tract to James Baldwin in May of 1973, he did not reserve a right of way out to Baldwin Road for the property lying to the east of the Baldwin tract, which resulted in his remaining property becoming *523 enclosed. Because he was the owner of an enclosed estate who created his own dilemma by selling off his access property to Baldwin Road, Leonard M. Kinchen fits the owner described in LeBlanc v. Thibodeaux. However, we cannot apply article 693 to the Watts as the successors of Leonard M. Kinchen, because article 693 did not become effective until January 1, 1978, and is not applicable to the sale of property from Leonard M. Kinchen to James Baldwin which occurred in May of 1973. 1977 La. Acts No. 514, § 1. Therefore, Leonard M. Kinchen's failure to reserve a right of way for the tracts now owned by his daughter, Stewart, his son, Leonard Jerry Kinchen, and Jerry Kinchen's vendees, the Watts, does not preclude the Watts from obtaining a servitude of passage under article 689.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
In assignment of error number three, the defendants argue that the trial court erred in granting the servitude of passage over their respective properties as the route granted to Baldwin Road was not to the nearest public road. Defendants argue that there is a logging road across property owned by Ralph Jones and/or Livingston Wood Products which leads from the adjoining corner of Stewart's property and the Watts' property to another public road, Guitreau Lane. According to the defendants, Guitreau Lane is the nearest public road, and is accessible by use of the logging road.[1]
According to article 689, the owner of the enclosed estate may claim a right of passage "over neighboring property to the nearest public road." The servitude granted by the trial court across Stewart's property and Baldwin's property to Baldwin Road measures 2,238.56 feet. Evidence in the record indicates that the distance along the logging road to Guitreau Lane is approximately 2,150 feet, a distance of approximately 88.56 feet less than the distance of the servitude granted. James Behrnes, John Behrnes' father, and a surveyor for the Louisiana Department of Transportation and Development, arrived at this figure by "stepping off" the distance from Guitreau Lane to the Stewart/Watts property line along the logging road.
Although the language of article 689 indicates that the servitude of passage in favor of an enclosed estate is to be granted "to the nearest public road," this court has noted that there are exceptions to this "shortest route" rule. In Tessier v. Medical Center of Baton Rouge, Inc., 93-0075 (La. App. 1st Cir. 3/11/94) 636 So.2d 928, writ denied, 94-1609 (La. 9/30/94) 642 So.2d 878, this court noted several examples wherein courts refused to enforce the shortest route rule due to extenuating circumstances. For example, when the shortest route ran across an area which was impassable during a part of the year due to flooding, an alternate route measuring longer than the shortest route has been granted. See Morgan v. Culpepper, 324 So.2d 598 (La.App. 2d Cir. 1975), writs denied, 326 So.2d 377, 378 (La. 1976). Or, when the shortest route ran through a swampy area where construction of an all-weather road would have been too expensive, the shortest route was rejected. See Bouser v. Morgan, 520 So.2d 937 (La. App. 3d Cir.1987). And in Tessier v. Medical Center of Baton Rouge, Inc., the shortest route to the nearest public road was rejected because that route would have required the construction of a bridge. These cases illustrate that considerations other than distance, such as cost, convenience, and practicality must be considered in determining the placement of a servitude. Brown v. Terry, 103 So.2d 541, 548 (La.App. 1st Cir.1958).
In the present case, the trial court found that the proposed servitude to Baldwin Road was "either the shortest route or infinitesimally close to it." The trial court also noted that the proposed route was the "least injurious to the defendants' property as it traverses existing permanent predial servitudes *524 and [two] 167 [foot] powerline right-of-ways as well as an existing built road for [a] majority of it." The trial court presumably found that the exercise of a newly created servitude across third-party owned land to Guitreau Lane would be considerably more burdensome than the allowance of a slightly longer servitude across defendants' property along the same route where existing servitudes already encumbered the defendants' property, and where a road already exists over a part of the servitude. We find no error in the trial court's choice of route.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FOUR
In assignment of error number four, the defendants argue that the trial court erred in determining that the plaintiffs were entitled to a servitude measuring 50 feet in width. According to the defendants, this width is excessive and unnecessary for the plaintiffs' needs. According to La.C.C. art. 690, the right of passage for the benefit of an enclosed estate shall be suitable for the kind of traffic that is reasonably necessary for the use of that estate.
Although a servitude measuring 50 feet in width may be more than is actually needed for the use of the dominant estates, we note that the previously existing predial servitude in favor of Stewart which burdens Baldwin's land is 50 feet in width. We also note that two previously existing, adjacent powerline servitudes which burden Stewart's property measure a total of 167 feet in width. Thus, a 50 foot wide servitude does not impose an additional encumbrance to that which already exists and merely aligns and coincides with the 50 foot wide servitude already encumbering Baldwin's property. The trial court's determination in this regard is not in error.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FIVE
In assignment of error number five, defendants argue that the trial court erred in ordering the defendants to remove an existing gate across the servitude. In its reasons for judgment, the trial court stated that "in light of La.C.C. art. 748 and the cases cited by the plaintiffs, this court is of the opinion that the law and cases prohibit erection of any gates across the servitude by defendant without consent of the dominant estate owner...."
According to article 748, the owner of the servient estate may do nothing tending to diminish or make more inconvenient the use of the servitude. However, this court, as well as other courts of appeal, have recognized that when a servitude is established by law, as in an article 694 servitude, or in this case, an article 689 servitude, that the interests of both estates must be balanced. See Howes v. Howes, 499 So.2d 314, 317 (La.App. 1st Cir.1986) and cases cited therein.
In Howes v. Howes, 499 So.2d at 317-318, this court determined that the erection of a gate, locked between the hours of 10:00 p.m. and 5:30 a.m. was not an unreasonable hindrance to the exercise of the servitude since the gravel road was used as access to several family homes, and since unexpected visitors seeking access to the dominant estates generally would not visit at this time of night. In this case, part of the servitude which crosses Baldwin's property is used by members of her family to access their homes on nearby property.
In Stuckey v. Collins, 464 So.2d 346, 349 (La.App. 2d Cir.1985), the Second Circuit Court of Appeal recognized that the erection of a gate by the owner of a servient estate for the containment of livestock serves "a necessary purpose." In this case, the record indicates that Baldwin raises livestock on her property and has received permission from Stewart to fence Tracts 48-SA and 48-SB so that the livestock could be pastured on this property as well. We find that the containment of livestock is a reasonable hindrance on the exercise of the servitude.
On balance, and in light of the interests of the owners of both the dominant and servient estates, we find that the existence of a locked gate across the servitude, for which the owners of the dominant estates are provided keys, is not an unreasonable hindrance to the exercise of the servitude. We therefore reverse this finding of the trial court and order *525 that the defendants be allowed to maintain the gate which currently exists.

DECREE
For the reasons stated herein, the judgment of the trial court is AFFIRMED IN PART, and REVERSED IN PART. It is REVERSED insofar as it orders the removal of gates across the servitude and prohibits the erection of gates across the servitude without consent of the plaintiffs. Although the existing gate may remain, Baldwin, Behrnes, and Stewart are ordered to provide keys to the gate to Warren and Sonya Watts and to Leonard Jerry Kinchen. In all other respects, the judgment of the trial court is AFFIRMED. Costs of the appeal are assessed to the defendants.
FITZSIMMONS, J., concurs.
NOTES
[1] In brief, defendants direct our attention to other alternate routes which are presumably shorter than the servitude granted. However, the only evidence introduced at trial dealt with the route across the defendants' property to Baldwin Road and the route across the third-party owned property to Guitreau Lane. A court of appeal has no authority to consider facts referred to in brief which are not in evidence. Willis v. Letulle, 597 So.2d 456, 464 (La.App. 1st Cir.1992).