698 So.2d 31 (1997)
Vernell Hagen SPOTSVILLE, Plaintiff-Appellee,
v.
HERBERT & MURRELL, INC., Defendant-Appellant.
No. 97-188.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1997.
*32 Robert L. Kennedy, Colfax, for Vernell Hagen Spotsville.
Allan Dale Smith, for Herbert & Murrell, Inc.
Before COOKS, WOODARD and AMY, JJ.
AMY, Judge.
Vernell Hagen Spotsville brought this action seeking a gratuitous predial servitude of passage over the estate of adjoining landowner, Herbert & Murrell, Inc. The trial court held that Spotsville was not entitled to a gratuitous servitude, but was entitled to a right of passage after indemnification for damage caused. For the following reasons, we reverse and enter judgment for the defendant.

DISCUSSION OF THE RECORD
On July 24, 1987, plaintiff, Vernell Spotsville, and Julian Wilkins Hagen sold two acres of a larger tract of land located in Grant Parish, by Cash Sale Deed, to defendant, Herbert & Murrell, Inc. Spotsville retained ownership of the remaining 1.86 acres which was then without access to a public road, having failed to reserve a right of passage across the alienated property. The Deed was properly filed and recorded in the conveyance records of Grant Parish on July 27,1987.
Spotsville filed suit seeking a gratuitous right of passage across the land purchased from her by Herbert & Murrell, Inc. On June 4, 1996, a trial was held at which the parties entered stipulations that, the facts were to be established by the public records, and if the trial court found Spotsville was entitled to a right of passage, where the servitude would best be located.
The trial court found Spotsville was not entitled to a gratuitous right of passage because of her participation in the sale of the property which caused the enclavement of her estate. However, the trial court found that Spotsville, as an owner of an enclosed estate, was entitled to a right of passage across defendant's property upon payment of $345.00, the amount set as proper indemnification for damage caused.
Herbert & Murrell, Inc. appeals from this judgment, assigning the following errors: (1) trial court erred in finding Spotsville had sufficiently proven her right to a servitude across defendant's property; and (2) trial court erred in finding that Spotsville had sufficiently proven the amount of remuneration to be paid to defendant.

LAW
Defendant contends that plaintiff did not prove entitlement to a forced passage across the subject property. On the other hand, plaintiff contends that she is entitled to a gratuitous right of passage rather than one requiring remuneration.
Book II, title IV, chapter 3, section 3 of the Louisiana Civil Code governs a person's right to a predial servitude of right of passage. The articles relevant to the case sub judice are:
Art. 689. Enclosed estate; right of passage
The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.
Art. 693. Enclosed estate; voluntary act
If an estate becomes enclosed as a result of a voluntary act or omission of its owner, the neighbors are not bound to furnish a passage to him or his successors.
Art. 694. Enclosed estate; voluntary alienation or partition
When in the case of ... a voluntary alienation of an estate or of a part thereof, property alienated ... becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation ... does not mention a servitude of passage.
*33 The facts of this case are very simple and undisputed. Spotsville sold a portion of a larger tract to Herbert & Murrell, Inc., causing the remaining portion to be enclosed. She failed to reserve a right of passage, or other means of access, over the part of the estate sold to defendant. Therefore, it is undisputed and clear that Spotsville's estate is without access to a public road because of her own "voluntary act or omission."
The trial court, in its reasons for judgment, found Spotsville's "voluntary act or omission" to be the reason why plaintiff was not entitled to a gratuitous right of passage, but instead entitled to a right of passage after proper remuneration under La.Civ. Code art. 689. In so holding, the trial court cited to LeBlanc v. Thibodeaux, 615 So.2d 295 (La.1993).
We, too, find the Louisiana Supreme Court's ruling in LeBlanc to be instructive in deciding the instant case. The supreme court in LeBlanc examined the effect that La.Civ.Code art. 693, which was enacted in the 1977 revision of the Civil Code, had on the general principle of law codified in La. Civ.Code art. 689. The supreme court found Article 693 to be "essentially an exception to the obligation of a neighbor to provide passage to an estate that becomes enclosed, and it is triggered by a voluntary act or omission of an owner." LeBlanc, 615 So.2d at 298. Also, that court, examining the redactors' intent in revising the articles in this area, concluded:
The drafters apparently contemplated that article 693's exception would negate the right of passage otherwise afforded by art. 689 where the enclosure has been created by the owner's sale of his access property, for the entire focus of their discussion was on how the law would affect vendors. Their statements demonstrate that this article was drafted primarily to address a vendor's voluntary act or omissions, where the vendor fails to reserve a right of passage after his land becomes enclosed as a result of his sale of adjoining property. According to the article, the vendee, in this instance, will be relieved of the obligation to supply passage if his vendor, through his own voluntary act of selling part of his property, has neglected to, or chosen not to reserve a right of passage over the land.
Id. at 299.
The court further stated:
We believe that a reasonable interpretation which respects C.C. articles 689 and 694 while giving effect to C.C. art. 693, the exception to the right of passage added to our law in 1977, is to apply C.C. art. 693's "voluntary act or omission" only to instances where the enclosed estate's owner has caused his dilemma by selling off his access property[.]
Id. See also Watts v. Baldwin, 95-0260 (La. App. 1 Cir. 10/6/95); 662 So.2d 519.
Clearly, the supreme court was contemplating the exact situation presently under review by this court. As such, Spotsville, being the cause of her own "dilemma by selling off h[er] access property[,]" is not entitled to an article 689 right of passage. La.Civ.Code art. 693.
Likewise, Spotsville, the vendor, is not entitled to a gratuitous right of passage across the land of Herbert & Murrell, Inc., the vendee, under La.Civ.Code art. 694.
"[T]he right to demand a gratuitous passage is accorded to one who acquires an enclosed estate as a result of a voluntary alienation ... of property. Thus, the letter of Article 694 covers vendees ...; it does not cover vendors ... who become enclosed as a result of the alienation of parts of their estates[.]"
4 A.N. YIANNOPOULOS, LOUISIANA CIVIL LAW TREATISE, PREDIAL SERVITUDES § 103, at 297-98 (1997).
Accordingly, we find merit in defendant's first assignment of error. As a matter of law, Vernell Spotsville, because of her own "voluntary act or omission" in causing her estate to be enclosed, was not entitled to a forced passage under article 689 or 694. La. Civ.Code art. 693.
As we find merit in appellant's first assignment of error, we need not consider the second assignment, as it is moot.

*34 DECREE
For the reasons assigned above, the trial court's judgment is reversed and we render judgment for the defendant. Accordingly, it is hereby ordered, adjudged and decreed that judgment be entered in favor of defendant, Herbert & Murrell, Inc., and against plaintiff, Vernell Hagen Spotsville, denying and dismissing plaintiff's demands, with full prejudice. All costs of the trial court and this appeal are assessed to the plaintiff-appellee, Vernell Hagen Spotsville.
REVERSED AND RENDERED.