| t PICKETT, Judge.
FACTS
Walker Louisiana Properties (Walker) owns approximately 80 acres in Calcasieu Parish which is bounded on the south by the Intercoastal Waterway, on the east by the Brandon ditch, on the west by property owned by the Gray Estate and leased to J. Oran Richard, and on the north by property owned by the defendant, Steven Broussard. By letter dated August 13, 1997, Broussard gave Richard permission to use a road across Broussard’s property for access to Richard’s leased property outside of hunting season, provided Mr. Richard assist with road maintenance. In early 1999, following numerous complaints to Richard regarding his failure to assist with the road maintenance, Broussard changed the locks on the gate thereby blocking Richard’s access to the road.
November 4, 1999, Walker Louisiana Properties, J. Oran Richard, and Game Management, Inc., filed suit against Steven Broussard seeking a statutory right of passage across Broussard’s property and damages.
Broussard filed an answer and reconven-tional demand seeking a temporary restraining order to enjoin Richard, his agents and employees from flying a helicopter at altitudes under 1,000 feet across Broussard’s property. He further filed a Motion For Summary Judgment, seeking dismissal of Richard’s request for a right of passage.
*489 A hearing was held on the Motion For Summary Judgment on May 12, 2000. The trial court granted that motion and dismissed the demand for a statutory right of passage. Following a trial on the merits, the trial court found Walker Properties did not establish title to the right of passage sought, nor did it establish title by acquisitive prescription. The trial court denied the plaintiffs their request for a right of passage.
li>The trial court further found that helicopters being operated by Richard, or those acting on his behalf, were being operated in such a manner as to interfere with Broussard’s right to use and enjoy his property. The trial court granted Brous-sard a permanent injunction prohibiting such helicopters from flying over Brous-sard’s property at altitudes of under 1000 feet during the months of September through the end of water fowl season each year unless they are within $ of a mile of Broussard’s northern property line.
It is from this judgment the plaintiff appeals.
DISCUSSION
The appellant has set forth two assignments of error, as follows:
1) The opinions and judgments of the court on both Motion For Summary Judgment and on the Merits are contrary to law and facts in that the court held that the granting of the right of way and construction of the Brandon Ditch effectively precluded the owner or lessee of the enclosed estate from seeking and obtaining a statutory right of passage. The trial court failed or refused to consider clear evidence of the threat of appropriation, gratuitous right of passage, the custom in the area, and whether or not the “voluntary act” provision requires a conveyance or sale. 2) The judgment of the trial court is contrary to law and is beyond the authority and power of a state’s district court to enter a preliminary injunction relative to the height of helicopter flights in a rural area. The trial court created a private cause of action under state law where none exists and attempts to judicially legislate in a field subject to federal law preemption.
I ^ASSIGNMENT OF ERROR NO 1
There is no question that the subject property, owned by Walker Properties and leased to J.O. Richard and Game Management, Inc., is an enclosed estate. It has no access to a public road. This property became enclosed in 1958 when W.E. Walker (the appellant’s ancestor) granted a right of way to the Calcasieu Parish Police Jury for purposes of the parish constructing the Brandon Ditch. The “Brandon Ditch” runs along the eastern portion of the Walker property and cuts off access to the public road. This ditch was constructed by the parish, with W.E. Walker’s acquiescence, for the purpose of providing drainage between the Choupique Bayou and the Intercoastal Waterway to alleviate a flooding problem in the area. This ditch benefits all the surrounding properties, including both the appellant’s and the appellee’s property.
La.Civ.Code art. 689 provides as follows: The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.
The appellee argues, however, that the subject property became enclosed voluntarily and, therefore, Civil Code Article 693 prohibits the appellant from entitlement to a right of passage. Article 693 provides as follows:
*490 Art. 693. Enclosed estate; voluntary act
If an estate becomes enclosed as a result of a voluntary act or omission of its owner, the neighbors are not bound to furnish a passage to him or his successors.
This code article was enacted in 1977 and became effective January 1, 1978, twenty-five years after W.E. Walker granted the right-of-way to Calcasieu Parish. At the time that the right-of-way was granted there was no such provision in law 14which would have denied Mr. Walker the right to seek passage across his neighbor’s property to the nearest public road. The provisions of article 693 are substantive in nature. La.Civ.Code art. 6 provides, in pertinent part, “In the absence of contrary legislative expression, substantive laws apply prospectively only.” Because the subject property became enclosed prior to the enactment of this code article, it does not apply to the facts of the instant case and cannot serve to bar the appellant from seeking a passage across the neighboring property.
Further, even if art. 693 applied to the instant matter, we do not find this is the type ‘voluntary act or omission’ contemplated by the code article.
The Louisiana Supreme Court examined and dismissed this issue in LeBlanc v. Thibodeaux, 615 So.2d 295 (La.1993). In LeBlanc the court thoroughly reviewed the legislative intent in the enactment of this code article and determined that “The drafters apparently contemplated that article 693’s exception would negate the right of passage otherwise afforded by art. 689 where the enclosure has been created by the owner’s sale of his access property....”
The court, however, did not address the article’s applicability to voluntary acts or omissions other than an owner creating the enclosed estate by selling off his access property.
In the instant matter, the landowner’s property was not enclosed by the sale of access property. It became enclosed because of the granting of a right-of-way to a public body for the construction of a work to benefit all surrounding landowners. The evidence suggests the landowner voluntarily granted this right-of-way. There is no evidence to support the idea that the parish had threatened to expropriate the property, making this matter distinguishable from Bouser v. Morgan, 520 So.2d 937 (La.App. 3 Cir. 11/4/87).
|sWe find, however, that the ‘voluntary act’ involved in the instant matter, the granting of a right-of-way to a public body to be used for a public purpose, is not the type ‘voluntary act’ contemplated by art. 693, which would deprive the appellant of the right afforded him under article 689 to seek passage across the appellee’s property.
Accordingly, we find the trial court erred in granting the appellee’s Motion For Summary Judgment. The appellant is in fact entitled to a statutory right of passage across Mr. Broussard’s property under the provisions of La.Civ.Code art. 693. We remand this matter to the trial court for the purpose of determining the location and what indemnification is due appellee.
ASSIGNMENT OF ERROR # 2
The appellant further argues that the trial court’s issuance of a permanent injunction restricting the altitude at which helicopters may fly in rural areas is contrary to law and beyond the authority and power of a state district court.
In its reasons for judgment, the trial court noted that Louisiana courts have the authority and jurisdiction to issue injunc *491 tions to prevent low flying aircraft from interfering with the use and enjoyment of land by its owners. Further, the trial court found that the low flying helicopters disturbance and harassment of water fowl constitutes a violation of both federal and state law.
The appellee contends that he has a right to injunctive relief pursuant to La. Civ.Code art. 477, which provides, in pertinent part:
The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions established by law.
|fiWe agree. The Louisiana Civil Code Article 490 provides the ownership of a tract of land carries with it the ownership of everything that is directly above or under it. Furthermore, the airspace may be freely used by the public for aerial traffic at reasonable altitudes. Accordingly, Congress has recognized the need for modification of the notion of private ownership of air space and declared that the airspace above the minimum altitude for safe flight is navigable airspace subject to the public right for free transit. See Federal Aviation Program, 49 U.S.C.A. § 1301 et seq. The F.A.A. has fixed the minimum safe altitude at “1000 feet above the highest obstacle” over “congested areas,” and, otherwise, at “500 feet above the surface, except over open water or sparsely populated areas.” 14 C.F.R. § 91.79(b), (c). Louisiana Civil Law Treatise on Property, Vol. 2, Ch. 3 § 47.
Although the airspace above the appel-lee’s property is navigable and subject to regulation, and although helicopters are excepted from some of those regulations, Federal Aviation Act regulations are not at issue in the instant matter. In the instant case, the subject property is located in a rural area of Calcasieu Parish, and is reachable only by private road owned and maintained by the appellee, Steven Brous-sard, otherwise, one can reach the property by air or water. The issue we must address is whether the appellant operating his helicopter at abusively low levels, interferes with the appellee’s use and enjoyment of his land. We find it does. Accordingly, pursuant to Article 490 of the Louisiana Civil Code the appellee has a right to enjoy his property and, therefore, is entitled to injunctive relief.
We affirm the trial’s court injunction prohibiting the appellant from operating helicopters at altitudes of under 1,000 feet across Broussard’s property.
17For the above and foregoing reasons we reverse that portion of the trial court’s judgment which found that the appellee was not entitled to a statutory right of passage across Mr. Broussard’s property and remand for the sole purpose of determining the location of passage and indemnity; affirm the trial court’s issuance of the injunction. Costs of this appeal are assessed equally between appellant and appellees.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.